THE PEOPLE, *ex relatione* ROBERT BRENNAN, *v.* HENRY G. COTTON, County Judge, &c.

### PETITION FOR A MANDAMUS.

The constitutional provision which declares that no person shall be imprisoned for debt, unless upon refusal to deliver up his estate, applies only to actions upon contracts, express or implied; it does not extend to actions for torts.

THE petition recited that one Valentine had recovered a judgment against the relator before a justice of the peace, for a trespass upon personal property, upon which an execution was issued, and returned "no property found." That Valentine afterwards made oath that the relator was able to pay the judgment, but fraudulently withheld the money, and thereupon the justice issued a *capias ad satisfaciendum,* upon which the relator was arrested and committed to the common jail, to remain until he should satisfy said judgment and costs. That not having any property, the relator caused himself to be taken be-

The People, *ex rel.* Brennan, *v.* Cotton.

fore the county judge, and asked to be released from his imprisonment, under the provisions of chapter fifty-two of the Revised Statutes, concerning " Insolvent Debtors," by presenting a schedule, &c., and offering to make an assignment of his effects under the laws. That his creditors were notified of the application, and did not except to the truth of the schedule. That the county judge refused to hear his application, appoint an assignee, or release him from imprisonment. Therefore he prayed for an alternative mandamus against the county judge, commanding him to take cognizance of the matter, and hear the application.

The court refused the motion.

W. H. L. WALLACE, for the relator.

H. G. COTTON, *pro se.*

TREAT, C. J.  The constitution declares: " No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." This prohibition applies only to actions upon contracts, express or implied. It does not extend to actions for torts. The design is to relieve debtors from imprisonment, who are unable to perform their engagements. They are exempt from arrest, if they act in good faith to their creditors. Under the statute, a debtor may be arrested on original process, where the creditor makes oath that the debt will be in danger of being lost unless he be held to bail; and final process may issue against the body of a debtor, where the creditor makes oath that he refuses to surrender his property on execution. The R. S. c. 52, provides, that a debtor, thus arrested, may go before the county judge, and make an assignment of his estate for the benefit of his creditors; and if it appears upon investigation, that he has acted *bonâ fide*, he is discharged from imprisonment for all of his existing debts. This whole chapter relates to arrests for debts; and has no application to arrests for torts. This is apparent from a bare inspection of its provisions. Its object is to carry out the humane policy of the constitution; that a man shall not be imprisoned on account of his debts, if he acts honestly and fairly towards his creditors. That it is confined exclusively to arrests made in suits brought upon contracts, express or implied, is further manifest from the provisions of the act of the 28th of February, 1845. That act prescribes a different mode for the discharge of those held in

custody on final process, in cases not provided for by the R.
S. c. 52. The relator was not arrested on account of a debt.
The judgment against him was founded upon a tort. The
plaintiff had a right to sue out an execution against his body.
R. S. ch. 59, § 90. It is clear that he is not entitled to be dis-
charged under the provisions of R. S. c. 52; but he must pro-
ceed under the act of the 28th of February, 1845.

The application for a mandamus must be denied.

*Application denied.*