HON. PIERPOINT ISHAM, ⎫
HON. MILO L. BENNETT, ⎭ ASSISTANT JUDGES.

---

THE MATTER OF ELLERY HOWARD ON HABEAS CORPUS.

*Habeas Corpus. Justice's Record and Mittimus for the violation of a Penal Statute, for selling Spiritous Liquors without a License.*

The omission to state in the record of a proceeding before a justice for a violation of a penal statute, the amount of costs taxed in said proceeding before the magistrate, is not a fatal defect, though regularly it should be entered upon the record; but if it appears in the mittimus, it is a sufficient matter by which to amend the record, as the magistrate is always allowed to amend when there is anything in the papers to amend by.

And when the mittimus only requires the jailor to keep the convict until he pay the fine, and costs of commitment, and jailor's fees, the omission of the costs

of prosecution will not render the commitment for fine and costs of commitment void.

In a commitment, for a violation of the license law, it is of no importance whether it is denominated a crime, or an offense, or neither.

Proceedings before a magistrate for such offenses considered.

HABEAS CORPUS. The relator in his petition set forth in substance, that he was confined in the common jail in Middlebury, in the County of Addison, as a prisoner in said jail, and that he was in the custody and keeping of David S. Church, Sheriff of said County, and keeper of said jail; and that he was confined and so kept, by virtue of a pretended process, issued and signed by Norman Tupper, a justice of the peace, within and for said County of Addison, upon an allegation or charge, that he, the relator, had committed the crime of selling intoxicating liquors. And that the relator is held illegally in said prison, and that a writ of *habeas corpus* may issue to said Church, to bring the relator before the Hon. Supreme Court, with the cause of his commitment, and as to the right of holding the relator, and for relief in the premises, &c.

The officer returned the following cause of detention.

"State of Vermont, Addison County, ss.

To any sheriff or constable in the state.

GREETING.

Whereas, Ellery Howard, of Salisbury, in said county, on the 18th day of July, A. D. 1853, at Salisbury aforesaid, before me, Norman Tupper, one of the justices of the peace within and for said county, was convicted of the crime of selling intoxicating liquors in two offenses, without authority therefor, and sentenced to pay to the treasurer of the town of Salisbury aforesaid a fine of twenty dollars, and costs of prosecution taxed at twenty-two dollars and nineteen cents, and to stand committed till sentence be complied with, as appears of record.

Therefore, by the authority of the State of Vermont, you are hereby commanded, on his, the said Ellery Howard's neglect or refusal to pay said fine and costs, to commit him, the said Ellery Howard, to the keeper of the jail in Middlebury, in the county of Addison, within the said prison, who is hereby commanded to re-

ceive the said Ellery Howard, and him safely keep, until he pay the said fine and costs of commitment, together with his own fees, or until he be otherwise discharged, according to law. Hereof fail not, but due service and return make.

Dated at Middlebury this 25th day of November, 1853.

(Signed) NORMAN TUPPER, Justice of the Peace."

The officer's return upon this process, committing the respondent, was in due form of law.

The grand juror's complaint was as follows:

" To Norman Tupper, justice of the peace for the county of Addison, comes John J. Kelsey, grand juror for the town of Salisbury, in said county, and on his oath of office complaint makes, that Ellery Howard, of Salisbury, on the 9th day of July, 1853, at said Salisbury, did at divers times, sell, furnish, and give away intoxicating liquors, without authority therefor, contrary to the form of the statute in such case made and provided.

Salisbury, July 11, A. D. 1853."

The record of the judgment did not show any costs taxed against the respondent.

*J. Prout* and *E. N. Briggs* for the relator.

I. The record does not show that any sentence or judgment was rendered for costs; the record is to pay fine and costs, but shows no costs taxed against the respondent. Such a record does not warrant a mittimus for $22 costs. *Hatch, exparte,* 2 Aik. 28. 1 Swift's Dig. 568.

II. The record does not authorize the issuing of such process. It is for fine, and "*costs of commitment.*"

III. The mittimus recites that respondent was convicted of the *crime* of selling in two offenses, &c. There is no such *crime.*

IV. The complaint is bad. Several distinct offenses are alleged in the complaint, consisting of one count. Stat. 1852, p. 16 § 18. Stat. 1850, p. 24 § 12.

*J. W. Stewart* for the State.

The opinion of the court was delivered by

REDFIELD, CH. J. The sufficiency of the record to sustain the mittimus is questioned. In reply to this it is said the record is

not properly before us. It is true that the officer could not properly attach it to his return, probably ; and at common law it is doubtful, how far the court would look into the whole record, unless it were for the purpose of sustaining and helping out the mittimus. That being sufficient on the face of it, the courts have ordinarily presumed the record was in accordance with the recitations in the mittimus.

But by our present statute, page 296 § 18, either party is allowed to adduce evidence, to contradict or support the return, and the court are required to decide, *upon the whole case* presented. Under this statute, it has been the uniform practice of this court, to look into the whole record.

But it does not seem to a majority of the court, that the omission to state in the record the amount of costs taxed, is a fatal defect. Regularly it should be entered upon the record. But it appearing in the mittimus is a sufficient matter, by which to amend the record, which the magistrate is always allowed to do, when there is anything in the papers to amend by.

II. The mittimus itself is perhaps defective, as to costs. It recites the adjudication correctly, but in the commitment, the jailor is only required to keep the convict, until he pay the fine, and costs of commitment, and jailor's fees, thus altogether omitting the costs of prosecution. But we do not think this omission will render the commitment for fine, and costs of commitment void. If the relator had paid or tendered the fine, and such costs, as the jailor, by the terms of the commitment is required to demand, and was still refused his discharge, the question would certainly be attended with more difficulty. As it is, we think it is good, as far as it goes, and the costs of prosecution may perhaps be regarded as waived.

III. We do not think it important whether this is denominated in the commitment, a crime, or an offense, or neither. All violations of penal statutes are in popular language criminal, and are crimes. But of crimes we have almost an infinite extent of enormity or degree.

IV. In regard to the complaint, it must be considered, that we cannot require the same refinement of technical accuracy, in a justice court, which might be expected in the higher courts of record. And in this proceeding, which is neither an appeal, nor a

writ of error, but altogether a collateral matter, we should not perhaps require as much exactness and certainty as if the questions arose on demurrer, or in arrest of judgment.

But it seems to us that this complaint was what, and all, which the statute expected, in order to justify a conviction for several offenses, or even for a second offense, with increased penalty.   And if this is all the statute requires, it is all *we can demand.*

The prisoner is remanded to his former custody.