# COUNTY OF ANDROSCOGGIN.

### TIMOTHY DOWNING *versus* JACOB HERRICK.

Although the statutes, which confer upon justices of the peace the power to fine and punish persons standing convict of certain crimes and misdemeanors, do not, in express terms, authorize them to include the costs of the prosecution, as a part of the sentence, still, their authority to do so may be clearly implied from other provisions of the criminal code.

The omission in the statute of 1858, c. 33, § 26, to require that costs of prosecution should constitute a part of the sentence, when it was made obligatory to do so in other sections of the same chapter, shows that therein it was designed to be submitted to the discretion of the magistrate, to include them or not in the sentence, as in other statutes previously existing.

As no action will lie against a justice of the peace for an error of judgment, while acting honestly, and within the scope of his jurisdiction as a court, in a judicial proceeding, he cannot be held liable for issuing a mittimus, by force of which the plaintiff was imprisoned, which was to make effectual his judgment so rendered.

REPORTED by TENNEY, C. J.

THIS was an action of TRESPASS for assault and false imprisonment by defendant, who justifies as a magistrate.

The plaintiff proved that he was committed to jail, in Auburn, on August 31st, 1858, on defendant's warrant of commitment, and was there detained until after October 6th, 1858.

The presiding Judge ruled, *pro forma,* that the warrant, with the previous papers and record in the case, constituted a sufficient justification, and a defence to plaintiff's action.

Whereupon the plaintiff became nonsuit, with the stipulation that if, in the opinion of the full Court, the warrant and other papers in the case did not constitute a justification and defence to plaintiff's action, then the nonsuit should be set aside, and the action stand for trial; otherwise it shall stand.

From the papers in the case, it appears that the defendant,

acting as a magistrate, sentenced the plaintiff to thirty days imprisonment in the county jail, for the crime of drunkenness, having found him guilty thereof, on complaint duly made. And, in addition to the sentence of imprisonment, imposed upon him the payment of the costs of the prosecution, as a part of the sentence,—and, in default of the payment of the same, he should be imprisoned thirty days longer.

The plaintiff contends that so much of the sentence as related to the payment of costs was erroneous, and that his imprisonment therefor was unauthorized and illegal.

*Goddard & Goodenow*, and *B. Dunn*, for the plaintiff, argued that the jurisdiction and powers of justices of the peace are derived exclusively from statute provisions, (*Martin* v. *Fales*, 18 Maine, 28,) and no presumptions are to be made in favor of their jurisdiction. *Gurney* v. *Tufts*, 37 Maine, 132. Defendant must show affirmatively that the imprisonment of the plaintiff, by his order, was authorized by law.

The statute on which the defendant relies for his justification—c. 33, § 26 of the laws of 1858—authorizes no such sentence as the defendant pronounced, and, consequently, no such warrant as he issued. The maximum penalty it imposes, on conviction, is an imprisonment for thirty days. It does not authorize either fine or costs. If the plaintiff failed to pay the costs, the effect of the sentence was his imprisonment for an additional thirty days.

" It was his duty to have pursued the words of the statute. The difference is a material one, and it gives the party committed a right of action against the magistrate." *Robinson* v. *Spearman*, 3 Barn. & Cress., 493. See also, *Grunder* v. *Raymond*, 1 Conn., 45.

The act was a ministerial one, and not judicial, and for that reason the magistrate is liable to an action of trespass, at the suit of the party injured. 1 Chitty's Plead., 354, Note 37, Phila. ed., 1855.

The defendant having thus commanded, by his mittimus, the imprisonment of plaintiff for a period exceeding thirty

days, in the event of his inability to pay costs, *in violation of law*, his mittimus was therefore illegal and void; the whole imprisonment becomes one continuous trespass, from beginning to end, and renders him liable in damages to the plaintiff for the entire period of 36 days, dating from the day of commitment to the day of the purchase of the writ in this case.

*Record, Walton* and *Luce*, argued for the defendant, making the following points:—

1. That the authority to add costs, as a part of the sentence in all misdemeanors, is clearly inferred from the statute, (R. S., c. 132, § § 16, 18, 19); that the usage has so long prevailed it should not now be changed.

2. That an action will not lie against a magistrate for an erroneous judgment, while acting honestly and in a subject matter within his jurisdiction. *Yates* v. *Lansing,* 5 Johns., 282; *Hammond* v. *Howell,* 1 Mod., 184; 2 Mod., 218; *Yates' case,* 4 Johns., 317; *Yates* v. *Lansing,* 9 Johns., 395. See *Morrison* v. *McDonald,* 21 Maine, 550.

3. That no more liability attaches to the magistrate, while acting in his ministerial capacity, than in his judicial capacity; and that any distinction between the two is inapplicable to the case at bar.

The opinion of the Court was drawn up by

TENNEY, C. J.— The conviction of the plaintiff, by the defendant, at a justice court held by him as a magistrate, duly qualified as such, was under the statutes of 1858, c. 33, § 26. No power is expressly conferred upon a justice of the peace to impose the payment of costs, upon conviction of a violation of that section, as a part of the sentence, though in other sections of the same chapter, it is not only provided that he may include them in the sentence, but it is made imperative that he shall do so.

It is believed to have been, for a long time, a common practice with justices of the peace, in criminal prosecutions, wherein they had power to sentence the convict to pay a

fine, or be imprisoned, to add thereto the payment of the costs of prosecution, notwithstanding no provision was made in the respective statutes therefor, or in any general statute touching the jurisdiction of justices of the peace. Statutes for the punishment of persons convicted of simple larcenies, where the property stolen was of small value, and assaults and batteries not of an aggravated character, are examples. No statute in the revised code of 1841, or of that of 1857, has been cited, in which provision is made expressly, that to the fine imposed upon a person convicted by a justice of the peace, *may* be added the costs of prosecution, in the discretion of the justice. Still, the power to do so is clearly implied in other provisions of the same codes.

In R. S., of 1841, c. 152, § 10, it is provided if any person convicted of any offence, before any justice of the peace, be ordered by such justice to pay the costs of prosecution, as a part of his sentence, and shall comply with such order, the justice may retain his own fees, and pay over the other fees to the officer, witnesses, &c. Section 12, contemplates that the sentence of a justice of peace may include the costs of prosecution. By § 27, all fines imposed by justices of the peace, to the use of the State, and all costs accruing to the State in such prosecutions, shall be paid into the county treasury, &c.

Chapter 170 of R. S., of 1841, defines the criminal jurisdiction of justices of the peace. Section 2, of that chapter, gives the power to justices of the peace to punish by fine, not exceeding ten dollars, &c., persons convicted of assaults and batteries, &c., when the offence is not of a high and aggravated nature, &c. By section 7, the justice of the peace may try all offences within his jurisdiction, &c., and sentence all persons convicted thereof, according to law. By § 8, an appeal is allowed to the person aggrieved at the sentence of a justice of the peace. And the appealing party is required to recognize, &c. By § 10, if he fail in the performance of the conditions of the recognizance, after proceedings prescribed, the sentence of the justice may be affirmed with *additional*

*costs.*   The appeal is allowed in those cases where the statute has not expressly provided that the payment of costs constitutes a part of the sentence to be passed by a justice of the peace.

R. S. of 1841, c. 156, treats of larcenies and the receiving of stolen goods, by persons having knowledge that they were stolen. And it is therein provided, that, upon conviction of the accused, before a justice of the peace, the punishment shall be by fine and imprisonment. But this statute is silent, touching the power of the justice to order the payment of costs, and the person so convicted is allowed the right of appeal, according to law, bringing the case within the provisions of c. 170, in relation to appeals.

The provisions referred to, with others, in the R. S. of 1841, are substantially reënacted in the revised code of 1857, as in c. 132, and it is quite manifest, in both, that the Legislature assumed that the power exercised by the defendant existed.

The omission in the statutes of 1858, c. 33, § 26, to require that costs of prosecution should constitute a part of the sentence, when it was made obligatory to do so in other sections of the same chapter, shows that therein it was designed to be submitted to the discretion of the magistrate to include them or not in the sentence, as in other statutes, previously existing.

But a further answer to this suit is, that the defendant, in the trial of the plaintiff, and in passing sentence upon his conviction, was acting in a case where he had jurisdiction of the subject matter, conferred upon him as a justice of the peace, by the statute, acting in a judicial capacity, and, wherein he was required to keep a record of his doings. Nothing in the exceptions tends to show, in any degree, that he was influenced by dishonest purposes, or that he intended to violate the law, under which he professed to act; or that he knew or had reason to suppose, that, in passing sentence, he was transcending his lawful authority. And it is not pretended,

that he designed to do any thing inconsistent with a faithful discharge of his duty.

It is a well settled doctrine of the law, that not only Courts of general jurisdiction are not liable to answer personally for their errors in judgment, the protection to such being absolute and universal, but, with respect to inferior Courts, they are protected in like manner, when acting within their jurisdiction. "And it was held by LITTLETON, J., and not denied, that an action of assault and battery would not lie against a justice of the peace, for what he did as à judge of record. 9 Edw. 4, 3, pl. 10. And the same principle was afterwards more solemnly advanced by all the Judges in 21 Edw. 4, 67, pl. 49. They all concurred in opinion, that, for what a justice of the peace did *in the session* he was not amenable."

This question is very elaborately treated by KENT, C. J., in *Yates* v. *Lansing*, 5 Johns., 282, cited for the defendant. And, among the closing remarks is the following :— [To render the defendant liable in an action of trespass] " there must be the *scienter* or intentional violation of the statute; and this can never be imputed to the judicial proceedings of a Court. It would be an impeachable offence, which can never be averred or shown, but under the process of impeachment."

The defendant not being liable to answer personally, in an action like the one before us, acting within the scope of his jurisdiction, as a Court in a judicial proceeding, he cannot be liable for issuing his mittimus to make effectual the judgment which he had rendered against the plaintiff.

*Nonsuit to stand.*

RICE, APPLETON, GOODENOW, and DAVIS, and KENT, JJ., concurred.