OSCAR F. BECKWITH, Plaintiff in Error, *v.* THE PEOPLE, etc., Defendants in Error.

ERROR TO LEE.

A party indicted for an assault with an intent to commit murder, may be convicted of an assault with a deadly weapon with intent to inflict a bodily injury, the jury finding that the circumstances of the assault showed an abandoned and malignant heart.

AT the November term of the Lee Circuit Court, A. D. 1860, before EUSTACE, Judge, an indictment was found against the plaintiff in error, for an assault with intent to commit murder, as follows:

"The grand jurors, chosen, selected and sworn, in and for the county of Lee, in the name and by the authority of the people of the State of Illinois, upon their oaths present, that Oscar F. Beckwith, late of the county of Lee, on the tenth day of October, in the year of our Lord one thousand eight hundred and sixty, at and within the county of Lee, aforesaid, unlawfully, willfully, feloniously and of his malice aforethought, did then and there make an assault in and upon one Emily Ann Bennett, (wife of David H. Bennett,) in the peace of the said people then and there being, with a certain axe, made of iron, steel and wood, and with a certain butcher knife, made of iron, steel and wood, which he, the said Oscar F. Beckwith, in his hand, then and there, had and held, with intent, her, the said Emily Ann Bennett, with the axe and butcher knife, aforesaid, then and there feloniously, willfully and of his malice aforethought, then and there to kill and murder; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people and State of Illinois."

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present, that Oscar F. Beckwith, late of the county of Lee, on the tenth day of October, in the year of our Lord

one thousand eight hundred and sixty, at and within the county of Lee, aforesaid, unlawfully, willfully and feloniously, and of his malice aforethought, did then and there make an assault, in and upon one Emily Ann Bennett, in the peace of the people of the State of Illinois then and there being, with a certain axe, made of iron, steel and wood, which he, the said Oscar F. Beckwith, in his hand, then and there, had and held, with intent, her, the said Emily Ann Bennett, with the axe aforesaid, then and there feloniously, willfully, and of his malice aforethought, then and there to kill and murder; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

" And the grand jurors aforesaid, upon their oaths aforesaid, do further present, that Oscar F. Beckwith, late of the county of Lee, on the tenth day of October, in the year of our Lord one thousand eight hundred and sixty, at and within the county of Lee, aforesaid, unlawfully, willfully, feloniously and of his malice aforethought, did then and there make an assault upon one Emily Ann Bennett, in the peace of the said people then and there being, with a certain butcher knife, made of iron, wood and steel, which he, the said Oscar F. Beckwith, then and there had and held, with intent, her, the said Emily Ann Bennett, with the knife aforesaid, then and there feloniously, willfully and of his malice aforethought, then and there to kill and murder; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

" And afterwards, to wit, on the eleventh day of December, aforesaid, as yet one of the regular days of said November term, the following proceedings were had in this behalf, as appears to us of record, that is to say:

" THE PEOPLE OF THE STATE OF ILLINOIS, ⎞
          *vs.*            ⎬
    OSCAR F. BECKWITH.    ⎠

" Indictment for an assault with intent to commit murder.

" On this day comes McCartney, State's Attorney, and the prisoner being brought into court, (and Stevens and Wood appearing as counsel for said prisoner) now enters his motion to quash this indictment, which said motion is by the court overruled; and the said prisoner being now arraigned, for a plea, saith, that he is " not guilty," in manner and form as charged in the indictment against him, and now come a jury of good and lawful men, to wit:"

" And the said jury, having heard the evidence and the argument of counsel, retire, in charge of a sworn officer, to consider of their verdict. And afterwards on this day come the said

jury into court, and return the following verdict:" (which is copied in the opinion.)

" And therefore the said prisoner, by his said counsel, enters his motions in arrest of judgment, and also for a new trial."

The prisoner was brought into court, and the motions in arrest of judgment and for a new trial were heard, and were by the court overruled.

" And thereupon the court proceeds to pronounce judgment and sentence on the prisoner, as follows :

" It is the judgment and sentence of the court, that the said prisoner pay a fine of five hundred dollars, and that he be confined in the county jail of this county for nine calendar months, and that he pay the costs of this prosecution, and that he stand committed till the said fine and costs are fully paid, and this judgment be so satisfied."

The court gave the following instructions to the jury :

Under the indictment the jury can find the defendant guilty or not guilty, in manner and form as charged in the indictment; or they may find him guilty of an assault with a deadly weapon, with intent to inflict a bodily injury upon the person of Mrs. Bennett, if no considerable provocation appears, or if the circumstances show an abandoned and malignant heart.

The court refused to give the following instructions, asked for by the plaintiff in error :

If the jury believe that an assault was made when the defendant and prosecuting witness were engaged in a fight, and that the defendant had been provoked by words and actions on the part of witness until his passions were so aroused that he may not have allowed the exercise of reason, the offense would only have been manslaughter in case death had ensued.

Unless the jury believe that the defendant committed the offense charged, coolly and deliberately, and under circumstances where he may be supposed to have acted without a sufficient degree of reason, they must find him not guilty.

Assignments of error :

The court erred in overruling the motion to quash the indictment.

The court erred in permitting a misjoinder of counts.

The court erred in refusing certain instructions asked for by the plaintiff in error, and also in giving the fourth or last instruction.

The court erred in overruling the motion in arrest of judgment and in pronouncing any sentence or judgment upon the plaintiff in error.

The record does not show upon what day or year the jury rendered their verdict in the case.

The record does not show affirmatively that the plaintiff in error was in court at the time the verdict was received and read.

John Stevens, for Plaintiff in Error.

D. P. Jones, State's Attorney, for The People.

Caton, C. J.   The only question which we think it necessary to notice is, whether the verdict is supported by the indictment.   This is the verdict: " We the jurors, find the defendant guilty of an assault with a deadly weapon, with intent to inflict a bodily injury upon the person of Emily Ann Bennett, where the circumstances of the assault showed an abandoned and malignant heart."

The indictment was for an assault with an axe and a butcher knife, with intent to commit murder.   Both these offenses are found in the fifty-second section of the criminal code.   The rule of law is that where an indictment charges many acts with certain aggravations constituting a high crime, the jury may convict the prisoner of a lesser crime, consisting of only a portion of those acts or with less aggravation.   The question here presented then is, does a charge of an assault with a deadly weapon, as an axe or a butcher knife, with intent to commit murder, embrace an assault with a deadly weapon, with intent to commit a bodily injury ? or, still more to simplify the proposition, does a murder embrace within it a bodily injury ?   When a case of murder is pointed out without a bodily injury, we may begin to doubt; till then, we cannot.

But it does not follow that all assaults with intent to commit murder, contain within themselves assaults with deadly weapons, with intent to inflict bodily injuries, for we may possibly imagine cases where murder may be committed without the use of a " deadly weapon, instrument or other thing," and such was the case of *Carpenter* v. *The People,* 4 Scam. 197, as we presume from the reasoning of the court in its opinion, although the reporter has not given us the indictment that we might judge of its true character.   Nor can it be said that any motive or mental condition is required to exist in this lesser offense, which is not also indispensable in the greater, for which the prisoner was indicted.   The jury found by their verdict, and so the statute required in order to constitute the crime, that " the circumstances of the assault showed an abandoned and malignant heart," and this is precisely the mental condition ever present when a murder is committed.   We think the facts found by this verdict are embraced within the charges set forth in the indictment, and that the verdict finds all the facts necessary to con

stitute one of the offenses specified in the fifty-second section of the criminal code.

The judgment must be affirmed. *Judgment affirmed.*