## GEORGE BAKER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

INDICTMENT—*for an assault with a deadly weapon, with intent to do bodily injury.* An indictment for an assault with a deadly weapon, with intent to do a bodily injury, must aver, either that no considerable provocation appeared, or that the circumstances of the assault showed an abandoned and malignant heart. These are the elements which constitute the offence, and if not found in the indictment, it would be defective.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. SYLVANUS WILCOX, Judge, presiding.

The opinion states the case.

Mr. W. D. BARRY, for the plaintiff in error.

Mr. ROBERT G. INGERSOLL, Attorney General, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Kane Circuit Court, against George Baker, for an assault with a gun upon one William Warner, with intent to inflict a bodily injury.

There were two counts in the indictment, both of which were sustained on a motion by defendant to quash the indictment. The jury found the defendant guilty, in manner and form as charged in the second count.

A motion to arrest the judgment was overruled, and judgment entered for a fine of $25 and costs, to reverse which, the record is brought here by writ of error.

The second count, after the formal parts, is as follows : " with force and arms, in and upon the body of William Bruner, then and there being, feloniously, wilfully and of his malice aforethought, did make an assault, and with a gun charged with gunpowder and loaded with shot, which he then held, then and there, feloniously, wilfully and of his malice aforethought, did shoot against Bruner, with intent, against him then and there to inflict a bodily injury, feloniously and wilfully;" &c.

The indictment was found under sec. 52 of the Criminal Code, the second count of which was designed to bring the case within the last clause of that section, but which does not negative the exceptions therein, there being no averment that no considerable provocation for making the assault appeared, or that the circumstances of the assault showed an abandoned and malignant heart.

The offence charged, is an assault with a deadly weapon, with intent to do a bodily injury, and an indictment for such offence must aver either that no considerable provocation appeared, or that the circumstances of the assault showed an abandoned and malignant heart. These are the elements which constitute the offence, and if not found in the indictment it would be defective, as the offence charged would not be brought within the statute—it is not brought in the terms and

language of the code, or so plainly described as that the nature of it may be understood by the jury.

We have been referred to the case of *Beckwith* v. *The People*, 26 Ill. 500, as sustaining a verdict and judgment upon such an indictment. There the indictment was for an assault with intent to murder, and this court held, under such an indictment, the jury might find the defendant guilty of an assault with a deadly weapon with intent to inflict a bodily injury, the jury having found by their verdict, that the circumstances of the assault showed an abandoned and malignant heart. The court say, the jury found by their verdict, and so the statute required, in order to constitute the crime, that the circumstances of the assault showed an abandoned and malignant heart, and this is precisely the mental condition ever present when a murder is committed.

But in this case, the indictment was for an assault with a deadly weapon, with the intent, not to murder, but to inflict bodily injury, an element of which offence is, either that no considerable provocation appeared, or that the circumstances showed an abandoned and malignant heart, neither of which appears by the record to have existed.

The motion to quash the indictment should have been allowed. For refusing it, there was error, and for the error the judgment must be reversed.

*Judgment reversed.*