BENJAMIN WILSON *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. JURISDICTION OF CIRCUIT COURT—*misdemeanors.* Section 12 of article 6 of the constitution provides that "the circuit courts shall have original jurisdiction of all cases in law or equity;"—so, those courts have original jurisdiction in cases of misdemeanors, as, for wilfully interrupting or disturbing an assembly of people met for a lawful purpose.

2. SAME—*former decision.* In *Ferguson* v. *The People,* 90 Ill. 510, it was held that the circuit courts did not have original jurisdiction in cases of assault and assault and battery, it being conferred by statute upon justices of the peace. But it is not competent for the legislature to deprive the circuit courts of their original jurisdiction conferred by the constitution in all cases in law and equity, and in this regard that case is overruled.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Mr. J. B. COHRS, and Mr. W. D. MAUS, for the plaintiffs in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The defendants were indicted and convicted under section 60, chapter 38, Rev. Stat. 1874, p. 360, which declares: "Whoever wilfully interrupts or disturbs any school or other assembly of people met for a lawful purpose, shall be fined not exceeding $100."

The point relied upon to reverse the judgment is, as the offence for which the defendants were convicted was a mere misdemeanor, the circuit court had no original jurisdiction of the offence; that, under a fair construction of sections 381 and 392 of the Criminal Code, jurisdiction in such cases was conferred upon justices of the peace.

In *Ferguson* v. *The People*, 90 Ill. 510, where the defendants were indicted for a riot, and one of them convicted of an assault and battery, it was held, under the sections of the statute, *supra*, that the circuit court had no original jurisdiction in cases of assault and battery, it being conferred upon justices of the peace. In the decision of that case our attention was not called to article 6, section 12 of the constitution, which declares that "the circuit courts shall have original jurisdiction of all causes in law and equity." Under this provision of the constitution, the legislature had no power to deprive the circuit courts of such jurisdiction as was expressly conferred by that instrument. *Myers* v. *The People*, 67 Ill. 504; *Weatherford* v. *The People*, id. 520.

It is no doubt true that concurrent jurisdiction may properly be conferred upon justices of the peace, in misdemeanors, where the fine does not exceed the jurisdiction of the justice; yet, as the jurisdiction of the circuit courts has been conferred by the constitution, that can not be taken away.

As the decision in *Ferguson* v. *The People* is in conflict with the views here expressed, it will be overruled.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*