JOHN KENNEDY *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa September 26, 1887.*

1. IMPRISONMENT FOR DEBT—*constitutional exemption—limited to contracts.* The constitutional provision prohibiting imprisonment for debt, applies to actions on contracts, express or implied. As to the debts thereby intended, there must be the relation of debtor and creditor. The prohibition does not extend to actions for torts, nor to fines or penalties arising from a violation of the penal laws of the State.

2. Section 14 of division 14, chapter 38, relating to crimes, etc., which authorizes a commitment to the county jail for the payment of a fine and costs, is not in contravention of the constitutional provision prohibiting imprisonment for debt. The costs in a criminal prosecution is not a debt, within the meaning of such provision.

3. JURISDICTION — *assault—circuit courts and justices of the peace—prosecution by indictment.* Circuit courts have original jurisdiction in all cases of misdemeanors, which includes assaults, and all offences cognizable in such courts may be prosecuted by indictment.

4. The fact that the statute gives to justices of the peace jurisdiction in cases of assault, does not give them exclusive jurisdiction thereof. They can not be vested with exclusive jurisdiction under the present constitution.

5. CRIMINAL LAW—*conviction of a less offence than charged.* Where a person is put upon trial for a crime which includes an offence of an inferior degree, the jury may acquit of the higher offence and convict of the lesser, although there may be no count in the indictment specifically charging the lesser offence. So when one is indicted for an assault with a deadly weapon, with intent to inflict a bodily injury, etc., he may be convicted of a simple assault.

6. COSTS—*in criminal cases—where there are several defendants.* Each of several defendants convicted of a criminal offence is liable for the costs

made by the People in procuring his own conviction, and when two are convicted on a joint charge, they are severally liable for all the costs made by the prosecution in procuring their several convictions.

7. So where three persons are tried together, and one is acquitted and two convicted of an assault, and fined, and ordered to stand committed to jail until the fines and costs are paid, those so convicted will be required to pay only the costs of their own conviction, and not the costs of the one acquitted.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. J. M. BAILEY, Judge, presiding.

Messrs. W. & W. D. BARGE, for the plaintiffs in error:

That part of the statute, (chap. 38, sec. 512,) which authorizes the committing of the offender to jail until the costs are paid, is unconstitutional.

The costs are not imposed on the party as a punishment, but are a matter of private right,—a debt due to those entitled to receive them. *State* v. *Farley,* 8 Blackf. 229; *Thompson* v. *State,* 16 Ind. 516; *Ex parte McDonald,* 2 Whart. 440; *County of Schuylkill* v. *Reifsnyder,* 46 Pa. St. 446; *Playford* v. *Commonwealth,* 4 id. 144.

An assault is the lowest crime known to the law. The People's costs are $927.25, the defendants', $224.09,—in all, $1151.84; and if costs are of the nature of a fine, or a part of it, the punishment is excessive, and in conflict with the bill of rights. Const. 1870, art. 11, sec. 11; Cooley's Const. Lim. *328, 329.

The judgment fixes no limit to the time of imprisonment, and is therefore void. *Queen* v. *Green,* Fort. 274; Hurd on Habeas Corpus, 335; *Gurney* v. *Tufts,* 37 Maine, 130; *Howard* v. *People,* 3 Mich. 207; Rev. Stat. chap. 38, sec. 278.

An assault is not an indictable offence so as to bring it within the rule allowing a conviction of a lesser under an indictment for a greater offence. *Carpenter* v. *People,* 4 Scam. 197; *Severin* v. *People,* 37 Ill. 414; *Ferguson* v. *People,* 90 id. 510; *Freeland* v. *People,* 16 id. 380.

The defendants, when convicted, are severally liable for all the costs made by the People in procuring their several convictions, but not for the costs of each other, or for separate costs made by the People against their co-defendant, who was acquitted. *Moody* v. *People*, 20 Ill. 319; *Murphy* v. *People*, 3 Col. 147; *Commonwealth* v. *Ewers*, 4 Gray, 21.

Mr. C. B. MORRISON, and Mr. W. P. BRIGGS, for the People:

The provision of the constitution prohibiting imprisonment for debt, does not apply to actions for tort, but to actions *ex contractu* alone. *McKindley* v. *Rising*, 28 Ill. 343; *People* v. *Brennan*, 14 id. 414; *Rich* v. *People*, 66 id. 513; *Kanouse* v. *Lexington,* 12 Bradw. 318; *Brown* v. *People*, 19 Ill. 613; *People* v. *Foster*, 104 id. 156.

Payment of costs may be compelled by commitment. *Hill* v. *State*, 2 Yerg. 247; *Ex parte Bollig*, 31 Ill. 88; *Downing* v. *Herrick*, 47 Maine, 463; *Sheeley* v. *Life Ins. Co.* 2 B. C. (N. S.) 211; *Keefhover* v. *Commonwealth*, 2 Pa. 240; *In re Howard*, 26 Vt. 205; *Nelson* v. *State*, 46 Ala. 186; *Thompson* v. *State*, 16 Ind. 516; *Ex parte Tongate*, 31 id. 370; *Caldwell* v. *State*, 55 Ala. 133; *Riley* v. *State*, 16 Conn. 47; *State* v. *Wallace*, 41 Ind. 445; Bishop on Crim. Proc. sec. 1321.

A law authorizing imprisonment for costs in a criminal case, is not unconstitutional. *United States* v. *Walsh*, 1 Abb. (U. S.) 66; *Morgan* v. *State*, 47 Ala. 34; *Matter of Ebenhack*, 17 Kan. 618.

The circuit court has jurisdiction of all crimes and misdemeanors. *Young* v. *People*, 6 Bradw. 434; *Wilson* v. *People*, 94 Ill. 426.

Defendants convicted are severally liable for all the costs made by the People in procuring their conviction. *Moody* v. *People*, 20 Ill. 319.

The judgment does not require the payment of the costs of the defendant who was acquitted.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

Plaintiffs in error were jointly indicted with their brother, James Kennedy, at the October term of the Lee county circuit court, A. D. 1884, for an assault with a deadly weapon upon one James Minnihan. After new trial granted the case was tried a second time at the September term, 1886, of the same court. Plaintiffs in error were found guilty of an assault, and James Kennedy was found not guilty.

The judgment of the court was that John Kennedy pay a fine of $40; that Daniel Kennedy pay a fine of $25, and that they "pay the costs of this proceeding to be taxed by the clerk of this court, and that they stand committed to the common jail of said Lee county until said fine and costs are paid."

The statute of this State, under which this judgment was rendered, is as follows: "When a fine is inflicted, the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid or he is discharged according to law." Rev. Stat. 1885, chap. 38, sec. 452; div. 14, sec. 14.

Counsel for plaintiffs in error urge a reversal, on the ground that the provision of the statute here quoted is in conflict with section 12 of article 2 of the constitution of this State, which says that "no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." It is claimed that the *costs* of the proceeding are a debt due to the officers of the law, and that, therefore, plaintiffs in error could not be imprisoned until such debt was paid.

We have held that the prohibition of the constitution applies to actions upon contracts, express or implied. Its design is to relieve debtors from imprisonment, who are unable to perform their engagements. They are exempt from arrest, if they act in good faith towards their creditors. The prohibition does not extend to actions for torts, nor to fines or penalties arising

from a violation of the penal laws of the State. It has reference to debts arising *ex contractu.* (*People* v. *Cotton,* 14 Ill. 414; *McKindley* v. *Rising,* 28 id. 337; *Rich* v. *People,* 66 id. 513.) In the latter case it was said: "As to the debts intended to be embraced there must be the relation of debtor and creditor."

The liability of a convicted party to pay the costs in a criminal proceeding does not arise out of an implied contract. The costs are fixed by the statute. They are the creature of the law. They are incident to the prosecution of the proceeding and grow out of it. They follow the judgment and are a part of it.

This precise question was before the Supreme Court of Alabama in *Morgan* v. *The State,* 47 Ala. 34. In that case the appellant was convicted of assault and battery and fined, and "judgment was rendered for the fine and the cost of the prosecution" under a statute, which provided that, "if the fine and costs are not paid, etc., the defendant must either be imprisoned in the county jail, or, at the discretion of the court, sentenced to hard labor for the county," etc. Appellant paid the fine, but refused to pay the costs and was thereupon sentenced. The court there say: "Counsel insists  *  *  *  that the cost in such case is a debt, and the constitution declares 'that no person shall be imprisoned for debt.' In this the counsel is mistaken. In criminal cases, the cost is no more a debt than the fine, and, accurately speaking, not as much so, for the fine is a sum certain *in numero* and the cost is not." *Caldwell* v. *The State,* 55 Ala. 133; *Hill* v. *The State,* 2 Yerg. 247; *Downing* v. *Herrick,* 47 Me. 462; *Sheehy* v. *Professional Life Ins. Co.* 2 C. B. 211,—89 Eng. Com. Law; *Ex parte Howard,* 26 Vt. 205; *County of Schuylkill* v. *Reifsnyder,* 46 Pa. St. 446; *United States* v. *Walsh,* 1 Abb. (U. S.) 66.

In *Brown* v. *People,* 19 Ill. 613, it was said: "The only question in this case is whether a justice of the peace, who has imposed a fine for a contempt of his court, can imprison the party till the fine and costs are paid. Of this power we have no doubt. * * * It was within the power of the justice and

it was his duty to imprison the party guilty of the contempt, till the fine and costs were paid." *Ex parte Bollig,* 31 Ill. 88.

Bishop in his work on Criminal Procedure (vol. 1, sec. 1321, 3d ed.) says:

"It is a familiar practice in civil causes, that costs taxed against a defendant of whom damages are recovered, become 'parcel of the damages,' enforceable in the same way with the rest. Hence, by analogy, as one ordered to pay a fine or provide sureties of the peace is by the sentence ordered to stand committed until he complies, so should be one condemned to pay costs as a part of his punishment. It is so in perhaps the greater number of the States. In others this order is deemed unauthorized." See also *People* v. *Foster,* 104 Ill. 156; *Matter of Ebenback,* 17 Kan. 618.

We are of the opinion that the statute complained of is not unconstitutional. It can work no hardship as section 455, chapter 38 of the Revised Statutes provides, that, whenever it is made satisfactorily to appear to the court, after all legal means have been exhausted, that any person, who is confined in jail for any fine or costs of prosecution, for any criminal offence, hath no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of the court to discharge such person, etc.

The indictment in this case contained four counts. The first count charges an assault with a deadly weapon, "the kind, nature or further description of which is to the said grand jurors unknown," with the intent to inflict upon the person of William Minnihan a bodily injury, no considerable provocation then and there appearing. Rev. Stat. chap. 38; div. 1, sec. 25.

The second count is the same as the first, except that each of the parties indicted, to-wit: the plaintiffs in error and James Kennedy, are charged with making the assault, "each with a deadly weapon to-wit: a sharp piece of metal, a further description of said deadly weapons or either of them is to the said grand jurors unknown."

The third and fourth counts use the words, "the circumstances of the assault showing abandoned and malignant hearts," and omit the words, "no considerable provocation appearing." The third describes the assault as being made "with certain deadly weapons, the number or a description of which is to the said grand jurors unknown." The fourth describes the assault as being made "with certain sharp-edged deadly weapons the number of which or a further description of which said deadly weapons is to the grand jurors unknown."

The verdict of the jury found the plaintiffs in error guilty of an assault. It is claimed, that they could not be convicted of an assault under the indictment.

An assault is a misdemeanor. Circuit courts have original jurisdiction in cases of misdemeanor. (*Young* v. *People*, 6 Bradw. 434; *Wilson* v. *People*, 94 Ill. 426.) All offences cognizable in said courts are prosecuted by indictment. (Rev. Stat. 1885, chap. 38, sec. 349, div. 10, sec. 3.) Where a party is put on trial on an accusation which includes an offence of an inferior degree, the jury may acquit of the higher offence and convict of the lesser, although there may be no count in the indictment specifically charging the lesser offence. (*Carpenter* v. *People*, 4 Scam. 197; *Beckwith* v. *People*, 26 Ill. 500.) "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (Rev. Stat. chap. 38, div. 1, sec. 20.) It is an offence of a lesser degree than that charged in the indictment and is embraced in the terms of the indictment.

Wharton on Crim. Pl. and Pr., (8th ed.) secs. 246 and 247, says: . "Generally speaking, where an accusation includes an offence of an inferior degree, the jury may discharge the defendant of the high crime and convict him of the less atrocious; and, in such case, it is sufficient if they find a verdict of guilty of the inferior offence and take no notice of the higher. * * * Illustrations are to be found in indictments for * * * assault with intent to kill or ravish or to do other illegal acts,

where the defendant may be convicted of assault alone." "Under an indictment for assault with intent, he may be convicted of a simple assault." Id. sec. 465.

In Wharton on Crim. Law, (vol. 1, secs. 640 a, 641 a, 645 b,) it is· said: "An assault with intent to commit a felony is, at common law, only a misdemeanor. Hence, as the grade of the offence is the same as that of a simple assault, the averments of felonious intent can be stricken out and a conviction had for assault." *State* v. *Scott,* 24 Vt. 127 ; *State* v. *Coy,* 2 . Aik. 181 ; *Hunter* v. *Commonwealth,* 79 Pa. St. 503 ; *Canada* v. *Commonwealth,* 22 Gratt. 899 ; *State* v. *Waters,* 39 Me. 54 ; *State* v. *Johnson,* 30 N. J. 185 ; *Francisco* v. *State,* 24 id. 30 ; *State* v. *Bowling,* 10 Humph. 52 ; *Commonwealth* v. *Fischblatt,* 4 Metc. 354 ; *Lewis* v. *State,* 33 Ga. 131.

Counsel have furnished no abstract of the evidence, but we have examined it as it is set forth in the record, and think that the jury would have been warranted in finding the plaintiffs in error guilty of such an assault as is described in the indictment. The fact that the statute gives to justices of the peace jurisdiction in cases of assault does not give them exclusive jurisdiction thereof. (Rev. Stat. chap. 38, div. 9, sec. 1.) They could not be vested with such exclusive jurisdiction under the present constitution. We think that the defendants could be convicted of an assault under the indictment.

Each of the plaintiffs in error was liable for the costs made by the People in procuring his own conviction. The defendants, when convicted, are severally liable for all the costs made by the prosecution in procuring their several convictions. (*Moody* v. *People,* 20 Ill. 315.) We think the plaintiffs in error were only required by the judgment to pay the costs of their own prosecution and not the costs of James Kennedy who was acquitted.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*