Zito v. The People.

---

Paul Zito et al. v. The People of the State of Illinois.

Gen. No. 13,775.

1. PRACTICE—*when bill of particulars sufficient.* In a prosecution to recover a penalty for the violation of a statute, it is sufficient for the bill of particulars to set forth the offense alleged to have been committed with sufficient clearness to enable the defendants to know with what they are charged.

2. Practice—*what bill of particulars need not contain.* In a prosecution to recover a penalty for selling cocaine contrary to the statute, it is not essential that the name of the alleged purchaser be set forth.

3. Penalties and Forfeitures—*when enforcement will follow notwithstanding illegal act was performed by agent.* A penalty for the unlawful sale of cocaine may be recovered notwithstanding the sale made the basis of the prosecution was by a clerk not expressly (though impliedly) authorized to make such sale.

4. Statutory Law—*when repeal by implication effected.* Where there is an inconsistency between two acts so that they cannot stand together, the later act, being the last expression of the legislative will, must prevail.

5. Evidence—*when prior unlawful sale of cocaine competent.* As bearing upon the question of intent and also upon the question of the agency of the employe making the particular sale in question in the prosecution, prior unlawful sales of cocaine may be shown.

6. Appeals and Errors—*when assignment of error deemed abandoned.* Assignments of error not argued are deemed abandoned.

7. Cocaine—*character of prosecution for unlawful sale of.* A prosecution for the unlawful sale of cocaine although civil in form is *quasi*-criminal.

8. Judgment—*when form of, appropriate in prosecution for unlawful sale of cocaine.* In a prosecution for the unlawful sale of cocaine, a judgment providing for a fine may likewise impose imprisonment until the fine, etc., is paid.

Action to recover penalty for sale of cocaine. Error to the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 20, 1908. Rehearing denied May 4, 1908.

William Schreider, for plaintiffs in error.

E. I. Frankhauser, for defendant in error.

Mr. Justice Adams delivered the opinion of the court.

The following is the bill of particulars:

"Plaintiff's action is to recover a penalty for the sale of cocaine, to wit: hydro-chlorate, to wit: a preparation containing cocaine, made on, to wit: the seventeenth day of November, A. D. 1906, at the city of Chicago, without then and there having the written prescription of a licensed physician or a licensed den-

tist licensed under the laws of the state of Illinois, in violation of the provisions of paragraphs 32A and 32B, chapter 91, of the Revised Statutes of the State of Illinois, being section 14A and 14B of an Act entitled, 'An Act to regulate the practice of pharmacy in the state of Illinois.' "

The defendants, Paul Zito and Frank Zito, who are plaintiffs in error here, were, at the time in question, the owners of the drug store known as No. 2003 State street, in the city of Chicago, and had in their employ as clerk and salesman in said store J. S. Peterson. On the evening of November 17, 1906, J. S. Peterson sold to George E. Mohr a package of "Crown Catarrh Powder." The package was a closed box, unlabeled, and inside the box was a bottle containing the powder, the stopper of which was sealed. The powder is a preparation containing cocaine. The package was sold without any written prescription of any licensed physician or dentist, or any prescription whatever, but merely on the request of said Mohr. The defendants, October 15, 1908, were convicted before a justice of the peace of Cook county of unlawfully selling cocaine. The jury found the defendants guilty and assessed the plaintiff's damages at the sum of $500, and the court, after overruling a motion of the defendants for a new trial, rendered judgment on the verdict. The defendants, by their counsel, urge the following reasons why the judgment should be reversed, which will be considered in the order stated:

1. The bill of particulars is insufficient, and the court erred in refusing to rule the plaintiff to file a more specific bill of particulars.

2. The sale was not made by either of the defendants, and there is no evidence that they authorized Peterson to make the sale.

3. The court erred in allowing plaintiff to introduce evidence of a similar sale October 15, 1905, and to first introduce and then withdraw evidence of a sale October 7, 1905.

4. The court erred in excluding evidence offered by the defendants that the Crown Catarrh Powder, which was sold in an unbroken package, was a patent or proprietary preparation.

5. The court erred in admitting evidence of sales by Peterson subsequent to November 17, 1906.

6. Errors in rulings on instructions.

7. Error in the judgment.

In defendants' motion for a more specific bill of particulars, they object that the bill of particulars filed is insufficient, in that it does not set forth clearly the offense committed, nor by them committed, nor does it allege by whom the alleged sale of cocaine was made, nor to whom made.

The bill of particulars set forth the offense committed sufficiently clearly to inform the defendants with what they are charged. It was not necessary to state the name of the purchaser. Cannady v. The People, 17 Ill. 168; Green v. The People, 21 *ib.* 125; Rice v. The People, 38 *ib.* 435.

It is objected here, for the first time, that no prior offense is mentioned in the particulars. No objection was made when evidence of a prior offense was offered. On the contrary, it was practically conceded by defendants' counsel, that evidence of one prior offense was admissible. Moreover, we cannot perceive how any disadvantage can accrue to the defendants from the omission of such mention. The justice of the peace had jurisdiction on the subject-matter; the evidence shows that he had jurisdiction of the persons of the defendants, and the fine which he imposed was not in excess of his jurisdiction. Therefore, his judgment is conclusive in the case and cannot be collaterally attacked.

The evidence is that the defendants were the proprietors of the store No. 2003 State street, and that Peterson was in their employ as salesman in said store. In the cross-examination of Paul Zito this occurred:

"Q. You say though he has authority to sell this?

A. I presume he has, the same as any other patent medicine.

Q. Do you know whether he has any authority to sell Crown Catarrh Powder? A. I presume he has.

Q. Did you know that Crown Catarrh Powder is kept for sale at No. 2003 State street? A. Yes, sir, it is.

Q. It is, is it? A. Yes, sir.

Q. And Peterson is a clerk there to sell what is kept in the store? A. Yes, sir.

Q. Now, was Peterson a clerk at that store on seventeenth of November? A. Yes, sir.

Q. And is yet, is he? A. He is.''

The following question was asked Frank Zito, in respect to Peterson's authority, and answer given:

''Q. Did he have any—has he any authority to sell any Crown Catarrh Powder? A. Yes, he has authority to sell that, because he sells other patent medicines.''

Counsel urge the extraordinary proposition that either the defendants themselves must have personally sold the powder, or they must have authorized Peterson, in express words, to sell it—a view which would effectually preclude any conviction of druggists for sales by clerks employed to sell things kept in their stores for sale. Peterson, who was employed by defendants to sell whatever they had in the store for sale, was clearly authorized by them to make the sale in question.

Plaintiff first offered and read in evidence the record of a justice of the peace showing a conviction of the defendants October 7, 1905, for selling cocaine unlawfully. On the plaintiff offering to prove other convictions prior to November 17, 1906, the court ruled in substance that he would allow proof of only one conviction prior to that date, but that plaintiff might select the conviction, whereupon plaintiff withdrew the record of the conviction of October 7, 1905, and introduced, in lieu thereof, a record of a justice of the peace showing the conviction of the defendants Octo-

ber 15, 1905, of "selling cocaine unlawfully." It is contended that the allowance of the withdrawal of the one record of conviction and the substitution of the other, was prejudicial to defendants, as tending to arouse passion and prejudice in the minds of the jury. That such was not the effect, we think sufficiently evidenced by the verdict of the jury, fixing the penalty at $500, when by the statute it might have been $1,000. Section 1 of chapter 91 of the statutes prohibits any person not a registered pharmacist from conducting a drug store, and concludes in this language: "*Provided*, that nothing contained in this Act shall apply to the sale of patent or proprietary preparations, when sold in original and unbroken packages." Defendants claim that the foregoing provision exempts them from the operation of paragraph A of section 32A of chapter 91, which provides, "That it shall not be lawful for any druggist or other person to retain or sell or give away any cocaine, hydro-chlorate, or any salts of or any compound of cocaine, or any preparation containing cocaine, or any salts of or any compound thereof, excepting upon the written prescription of a licensed physician or licensed dentist, licensed under the laws of this state, which prescription shall only be filled once, and must have written plainly upon it the name and address of the patient." The defendants, relying on the foregoing provision in section 1, offered evidence that Crown Catarrh Powder is a proprietary preparation, which evidence the court excluded.

Section 1 of chapter 91 was approved May 1, 1901, and was in force July 1, 1901, and section 32A, containing paragraph 14A, was approved May 13, 1903, and was in force July 1, 1903. Where there is an inconsistency between two acts, so that they cannot stand together, the later act, being the last expression of the legislative will, must prevail. Goodall v. The People, 123 Ill. 369-393; Pavey v. Utter, 132 *ib*. 489. The evidence was properly excluded. The authority of Peterson to sell was disputed, and it was not error, as we

think, to admit evidence of sales by him of Crown
Catarrh Powder on other occasions, as bearing on his
authority to sell and the intent of the defendants. 23
Ency. of Law and Procedure and cases cited in note 83.
There was no error in the refusal of the court to in-
struct the jury to find for the defendants. The refusal
of other instructions is complained of by defendants'
counsel, but it is not pointed out in what respect, if
any, they are erroneous, and no argument is made in
regard to them, counsel merely referring to them by
numbers.    Questions not argued must be deemed
waived.

The judgment in the cause concludes thus: "And it
is further ordered and adjudged and decreed by the
court, that, as a part of this judgment, said defend-
ants, Paul Zito and Frank Zito, stand committed to
the county jail of Cook county until said fine and costs
shall have been paid, or until said defendants shall·
have been otherwise discharged according to law, and
that a warrant issue herein against said defendants
for that purpose." Counsel for defendants contend
that the part of the judgment quoted is erroneous, that
it is in violation of section 12, article 2 of the constitu-
tion, prohibiting imprisonment for debt; also, that the
suit is a civil one, and the judgment cannot be enforced
by imprisonment. In Kennedy v. The People, 122 Ill.
649, the court say of section 12 of article 2 of the con-
stitution: "The prohibition does not extend to actions
for torts, nor to fines or penalties arising from a vio-
lation of the penal laws of the state. It has reference
to debts arising *ex contractu.* (People v. Cotton, 14
Ill. 414; McKindley v. Rising, 28 *ib.* 337; Rich v. The
People, 66 *id.* 513)."

The suit, although civil in form, is *quasi*-criminal,
and is, in substance, a *quasi*-criminal prosecution.
Wiggins v. City of Chicago, 68 Ill. 372; Berkowitz v.
Lester, 121 *ib.* 99, 107.

In Kettles v. The People, 221 Ill. 221, 234, the court
say: "Section 14 of division 14 of the Criminal Code

is as follows: 'When a fine is inflicted, the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid, or he is discharged according to law.' This is a general statutory provision, and applies to the convictions under the statute here under consideration."

In the case cited the plaintiff in error, Kettles, was prosecuted under the act of May 18, 1905, Hurd's Rev. Stat. 1905, p. 1366, for practicing dentistry without having been previously registered or licensed. The penalty for the offense is not less than $50 nor more than $100. There is no provision in the statute for commitment to jail until payment of the fine and costs. In the present case a fine was inflicted in accordance with the statute, and section 14 of division 14 of the Criminal Code, which is, as the court in the Kettles case say, a general statutory provision, applies to cases "where a fine is inflicted."

We are of opinion that there is no error in the judgment. The evidence shows, beyond reasonable doubt, that the defendants are guilty, and we find no reversible error in the record. Therefore the judgment will be affirmed.

*Affirmed.*