### The People, Defendant in Error, v. Paul Zito et al., Plaintiffs in Error.

### Gen. No. 13,873.

EVIDENCE—*when cross-examination unduly restricted.* In a prosecution for the illegal sale of cocaine, it is error for the trial judge to restrict the defendants' counsel in his cross-examination of a chemist who has testified to an analysis of the proprietary medicine alleged to have been sold and by so doing prevent him from showing the processes by which such chemist reached his conclusion.

Action in debt. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed June 11, 1908.

WILLIAM SCHREIDER, for plaintiffs in error.

E. I. FRANKHAUSER, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment which it is sought here to reverse on writ of error was rendered by the Municipal Court on the verdict of a jury which found the plaintiffs in error, Frank and Paul Zito, guilty of selling cocaine in violation of sections 32 A and 32 B. of chapter 91 of the Laws of the State of Illinois, and fixed the penalty at a fine of one hundred dollars.

There are some questions raised by this record which have been decided by us in favor of the People,

in another writ of error sued out by the same parties to reverse another judgment of the same nature. 140 Ill. App. 611.

But we cannot allow this conviction and judgment to stand. The charge against the defendants was selling cocaine. The sale proven was of a package of Dr. Gray's Catarrh Powder, an alleged proprietary medicinal preparation. An analytical chemist was placed on the stand by the people, to prove that his analysis of the contents of the package sold showed that it contained cocaine. He testified that he found cocaine in the contents mixed with other substances. The counsel for defendant then undertook to cross-examine him, asking him first how he came to that opinion. Thereupon the court said to the witness: "You need not describe the process." Counsel for defendant said, "I believe I am entitled to go into the process." The court: "Save your exception; ask another question." Then counsel asked the witness whether the proportion of cocaine to other substances was over 50 per cent. Objection to that question was sustained by the court. Counsel then said to the court: "I wish the permission of the court to ask the chemist particularly the amount of his examination so as to determine whether he is capable from such examination to find the presence of the cocaine." This colloquy followed:

"The Court: Do you state as an attorney that you would know when he got through?

Counsel: I certainly would know whether he would know or not.

The Court: Have you a chemist here?

Counsel: No."

Whereupon the court refused to allow counsel to go into the cross-examination he proposed.

Undoubtedly very wide discretion, as the counsel for the people urge, is given to a trial judge in limiting and controlling cross-examinations. But this matter, which the defendants' counsel wished to inquire into,

was the very gist and kernel of the case against them, and practically no cross-examination whatever was allowed. No lawyer would have been doing his duty to his clients who did not in such a case attempt it, and we are at a loss to understand why the right to it was denied. Of all witnesses experts are those of whom the most searching cross-examination should be permitted.

If this ruling of the Municipal Court is an error "in respect to a matter of practice therein," it falls within the proviso of the eighth paragraph of section 23 of the Municipal Court Act, which allows us to grant relief from any error of the Municipal Court in respect to a matter of practice therein in any case where in our opinion such relief is necessary to prevent a failure of justice.

We do not think the defendants had a fair trial, and we reverse the judgment against both and each of the defendants and remand the cause to the Municipal Court.

*Reversed and remanded.*