## DAVID RICH

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

</div>

<div align="right">66  51̄3
122  653</div>

1. BASTARDY—*judgment of imprisonment.* The defendant in a prosecution under the bastardy act, was surrendered by his bail in open court, and upon trial was found guilty of the charge, whereupon the court rendered judgment against him to be paid in installments, the judgment concluding, that he should "give good and sufficient bond herein, with security to

33—66TH ILL.

be approved by this court, conditioned and made payable as by the statute in such case is made and provided, and that he be committed to the common jail" of the county, there to be confined until he should give such bond or be otherwise discharged: *Held,* that the judgment, in form, was a substantial compliance with the statute, and proper.

2. CONSTITUTIONAL LAW—*imprisonment.* The constitutional provision relating to imprisonment for debt, has reference *only* to debts arising *ex contractu.* It has no reference to torts or to a proceeding under the bastardy act, although the same is a civil, as distinguishable from a criminal prosecution.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. O'BRIEN & HARMON, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The defendant in the court below was prosecuted under the bastardy act. He was surrendered by his bail in open court, and upon the trial of the issue was found guilty of the charge, and judgment was rendered against him, to be paid in installments according to the statute.

The conclusion of the judgment is as follows: "That said David Rich shall give good and sufficient bond herein, with security, to be approved by this court, conditioned and made payable as by the statute in such case is made and provided; and that he be committed to the common jail of Tazewell county, there to be confined until he shall give such bond as aforesaid, or until he shall be discharged by due process of law."

Two objections to the judgment are urged for its reversal:

1. That it is not in accordance with the statute.

2. That the law authorizing imprisonment in such cases, is unconstitutional.

The statute provides that, in case the issue shall be found against the reputed father, he shall be condemned by the

judgment of the court to pay a certain sum of money for the support, maintenance and education of the child; and shall be required to give bond and security for the due and faithful payment of such money; and then proceeds as follows: "In case the defendant or reputed father shall refuse or neglect to give such security as may be ordered by the court, he shall be committed to the jail of the county, there to remain until he shall comply with such order, or until otherwise discharged by due course of law." Gross, 1869, p. 58.

The judgment, in form, is a substantial compliance with the statute. It must be construed to be in effect the same. It does not mean that the defendant, even though he should give the required security, should still be committed to the jail of the county.

The judgment expressly recites that the confinement shall continue only until the bond shall be given. Had the bond been given, with security, the defendant, already in custody by the surrender of him by his bail, would have been discharged. The objection to the form of the judgment is purely frivolous.

The constitutional provision supposed to be violated, is the following: "No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law; or in cases where there is strong presumption of fraud."

The term "debt," in this section, can not be construed to include damages from torts or fines or penalties, arising from a violation of the penal laws of the State. The entire section clearly indicates, that reference was had to debts arising *ex contractu*. "No person shall be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors." As to the debts intended to be embraced, there must be the relation of debtor and creditor. Such a relation can not exist between the reputed father of a bastard, and the people, who prosecute to compel him to support his illegitimate child.

This construction of the constitution is settled by the case of *The People* v. *Cotton*, 14 Ill. 414, and subsequently approved, and we shall not disturb it.

The fact that this court has held that such a prosecution as the present is a civil, as distinguished from a strictly criminal prosecution, does not affect the true construction of the constitution.

An action for a tort is a civil proceeding; and yet this court held that this provision of the constitution has no application to actions for torts. *McKindley* v. *Rising*, 28 Ill. 337.

While this prosecution may be so far a civil proceeding as to dispense with the strict proof required in criminal cases, yet, the money which the reputed father is condemned to pay for the support, maintenance and education of the child, is, in no sense, a debt. The prosecution is a matter of public concern. It is carried on in the name of the people. The bond is made payable to the people. The reputed father, upon the non-payment of any installment of the money when due, may be proceeded against as for a contempt of court, and committed to jail. The chief object of the prosecution is the protection of the public from liability for the support of the child. If the child should die after judgment and execution of the bond, and the fact should be suggested upon the record of the court, the bond would thenceforth be void.

These peculiarities do not pertain to ordinary debts. Judgments for debts arising out of contracts, express or implied, can not thus be enforced and thus discharged. We think the law is constitutional.

The judgment is affirmed.

*Judgment affirmed.*