THE CITY OF CHICAGO, Defendant in Error, vs. ANDREW
W. MORELL, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. CONSTITUTIONAL LAW—*a penalty imposed for violating mu-
nicipal ordinance is not a debt.* An action to recover a penalty for
violation of a municipal ordinance is a civil action, and, although
commenced by affidavit and warrant, is not a criminal proceeding,
and the penalty imposed for the violation of the ordinance is not
a debt, within the meaning of the constitution.

2. SAME—*Chicago wheel tax ordinance not unconstitutional be-
cause its violation may be punished by imprisonment.* The Chi-
cago wheel tax ordinance is not unconstitutional upon the ground
that it is a revenue ordinance and imposes a penalty for its vio-
lation which may be enforced by arrest and imprisonment.

3. SAME—*prosecution under the Chicago wheel tax ordinance
is not a proceeding to collect the tax.* The prosecution of a per-
son for violating the Chicago wheel tax ordinance in running his
automobile upon the streets without taking out a license, as therein
required, is not a proceeding to collect the wheel tax, and the city
has a right to enforce the ordinance against him by fine and im-
prisonment.

WRIT OF ERROR to the Municipal Court of Chicago;
the Hon. JUDSON F. GOING, Judge, presiding.

KRUSE & PEDEN, and R. C. MERRICK, for plaintiff in
error:

The wheel tax ordinance of Chicago is a revenue meas-
ure and not a police regulation. *Ayres* v. *Chicago,* 239
Ill. 237; *Harder's Storage Co.* v. *Chicago,* 235 id. 58.

The tax imposed upon motor vehicles by the wheel tax
ordinance, being based upon the number and kind of ve-
hicles and not directed against the owners of vehicles as
such, is a tax upon property, and should therefore be col-
lected as are other property taxes. *Harrisburg* v. *Railway
Co.* 4 Pa. Dist. 683; *Millerstown* v. *Bell,* 123 Pa. St. 151.

Where the law imposing a tax provides a special means
of enforcing it the method so provided is generally exclu-

sive, and if the only method adopted is illegal the law must fail, for the courts cannot substitute a different and legal method. *Insurance Co.* v. *Minden,* 51 Neb. 870; *Rochester* v. *Gleichauf,* 40 N. Y. Misc. 446; *State* v. *Piazza,* 66 Miss. 426; *State* v. *Manz,* 6 Cold. 557.

A tax or license fee imposed by an ordinance for revenue purposes, and not in the exercise of the police power, can be collected only as other taxes are,—by judgment, levy and sale. Such a tax or license cannot constitutionally be collected by fine or imprisonment. · Const. of 1870, art. 9, secs. 1, 9; *State* v. *Green,* 27 Neb. 64; *Magneau* v. *Fremont,* 30 id. 843; *Insurance Co.* v. *Minden,* 51 id. 870; *Templeton* v. *Tekemah,* 32 id. 542; *St. Louis* v. *Green,* 6 Mo. App. 591; *St. Louis* v. *Heinrich,* id. 591; *State* v. *Patannia,* 34 La. Ann. 750; *State* v. *Manessier,* 32 id. 1308; *Municipality* v. *Pance,* 6 id. 237.

The Illinois constitution provides no means for the collection of revenue except the forfeiture and sale of property. The collection of revenue by arrest, fine and imprisonment is a deprivation of liberty without due process of law. Const. of 1870, art. 9, secs. 1, 2, 9, 10; art. 2, sec. 2; U. S. Const. 5th and 14th amendments. ·

Since the constitution of Illinois authorizes the collection of revenue only by proceedings against the property taxed, the wheel tax ordinance, which provides for criminal prosecution for failure to pay a purely revenue tax, denies to one class of property owners the equal protection of the laws, and also imposes a discriminatory tax upon citizens belonging to the same class as those not affected by said ordinance. U. S. Const. 14th amendment; Const. of 1870, art. 9, secs. 1, 9.

EDWARD J. BRUNDAGE, and CLARENCE N. BOORD, (EDWIN H. CASSELS, of counsel,) for defendant in error:

The action in the court below was not an action to collect the license tax provided by the wheel tax ordinance,

It was an action to collect a penalty for a violation of the ordinance.

The enforcement of the payment of a fine or penalty by imprisonment is not an imprisonment for debt, within the meaning of section 12 of article 2 of our constitution. *Kennedy* v. *People,* 122 Ill. 649; *Rich* v. *People,* 66 id. 513; *Rosenbloom* v. *State,* 64 Neb. 342.

Where a municipal corporation is empowered by statute to impose a license tax, it lawfully may make the failure to pay the tax and take out a license subject to a fine or penalty. The payment of a judgment for such a fine or penalty entered by the court for violation of a license ordinance may be enforced by imprisonment. *Rosenbloom* v. *State,* 64 Neb. 342; *St. Louis* v. *Sternberg,* 69 Mo. 289; *St. Louis* v. *Green,* 70 id. 562; *Johnson* v. *Mayor,* 114 Ga. 426; *Salt Lake City* v. *Christensen Co.* 34 Utah, 38; Cooley on Taxation, (3d ed.) 848, 1151.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error, Andrew W. Morell, was convicted of a violation of the wheel tax ordinance of the city of Chicago in the municipal court of Chicago, and was fined $25 and costs and ordered committed to the house of correction until the fine and costs were paid, and he has sued out this writ of error to reverse said judgment.

The only question raised upon this record is the constitutionality of the wheel tax ordinance of the city of Chicago. The position of the plaintiff in error, as defined in his brief, is, that said ordinance is unconstitutional for the reason that it is a revenue ordinance and imposes a penalty for its violation which may be enforced by arrest and imprisonment, which, it is argued, amounts to the enforcement and collection of a tax,—which, it is said, is a debt,—by arrest and imprisonment.

In *Harder's Fire Proof Storage and Van Co.* v. *City of Chicago,* 235 Ill. 58, and in *Ayres* v. *City of Chicago,* 239

2 4 7 — 2 5

id. 237, the constitutionality of the wheel tax ordinance of the city of Chicago was sustained. The question here raised, however, was not there considered.

The law is well settled in this State that an action to recover a penalty for the violation of a municipal ordinance is a civil action, and, although commenced by affidavit and warrant, it is not a criminal proceeding, and the penalty imposed for the violation of such an ordinance is not, within the meaning of the constitution, a debt. (*Webster* v. *People,* 14 Ill. 365; *Town of Partridge* v. *Snyder,* 78 id. 519; *City of Chicago* v. *Kenney,* 35 Ill. App. 57; *Rich* v. *People,* 66 Ill. 513; *Kennedy* v. *People,* 122 id. 649.) The proceeding in which plaintiff in error was arrested, fined and ordered imprisoned was not a proceeding to collect the wheel tax upon his automobile, as it seems to be his view, but it was a proceeding commenced against him to collect the penalty imposed by the ordinance for using his automobile upon the streets of the city of Chicago without having complied with the wheel tax ordinance, and had he paid the fine imposed upon him and the costs adjudged against him he would not have had the right to run his automobile upon the streets of the city of Chicago without first taking out a license under the wheel tax ordinance. We think, therefore, it is clear that the city had the right to enforce said ordinance against the plaintiff in error by fine and imprisonment.

The plaintiff in error relies upon *State* v. *Green,* 27 Neb. 64, and three other cases decided by the Supreme Court of Nebraska, to sustain his contention. The cases from that State referred to are out of line with the adjudications in this and other States, (*St. Louis* v. *Sternberg,* 69 Mo. 289; *St. Louis* v. *Green,* 70 id. 562; *Johnson* v. *Mayor,* 114 Ga. 426; *Salt Lake City* v. *Christensen Co.* 34 Utah, 38; *Cousins* v. *State,* 50 Ala. 113; *Matter of Guerrero,* 69 Cal. 88; *Stewart* v. *Potts,* 49 Miss. 749;

*People* v. *Mulholland,* 82 N. Y. 324; *State* v. *Cohen,* 84 N. C. 771; *Ex parte Schmidt,* 2 Tex. App. 196; *Commonwealth* v. *Byrne,* 20 Gratt. 165;) and they have been overruled by the Supreme Court of Nebraska in the late case of *Rosenbloom* v. *State,* 64 Neb. 342.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*