FRANKLIN COUNTY, Appellant, *vs.* WILLIAM B. BLAKE *et al.* Appellees.

*Opinion filed December 21, 1910.*

ESCHEATS—*proceeding by county for escheated property can be prosecuted only in a court of law.*  Equity has no jurisdiction of a bill by a county to require the defendants to show cause why the legal title to real estate shall not escheat to the county, and to remove clouds from title, and for other relief, as proceedings by a county for escheated property are purely statutory and can be prosecuted only in a court of law.

APPEAL from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding.

G. A. HICKMAN, and W. F. SPILLER, for appellant.

HART & WILLIAMS, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a bill in chancery, filed by the State's attorney of Franklin county on behalf of that county, seeking to have certain real estate therein described decreed to be vested in Franklin county. The suit was evidently intended to be brought under the act of 1874 in relation to escheats. The defendants named in the bill were served by the ordinary chancery summons. The prayer of the bill was for *scire facias,* returnable to the next term, requiring the defendants to show cause why the legal title to the real estate in question should not be vested in the county of Franklin; that certain deeds therein named be set aside as clouds upon the title; that the county of Franklin be put into possession of the premises, and for general equitable relief. Appellees filed a general and special demurrer to the bill, which was sustained. Appellant was given leave to amend, and upon demurrer being sustained to the amended bill again took leave to amend. Demurrer was filed to the second amended bill and sustained. Appellant elected to stand by its amended bill and a decree was entered dismissing the bill. From this decree appellant has appealed.

The subject matter of this bill does not come within the jurisdiction of a court of chancery and the demurrer was properly sustained. Proceedings by a county for escheated property are purely statutory and can be prosecuted only in a court of law. (Act to revise the law in relation to escheats, approved March 24, 1874.)

As the court had no jurisdiction to entertain the bill the decree dismissing the same will be affirmed.

*Decree affirmed.*