THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JASPER TICE *et al.* Appellants.

*Opinion filed April 20, 1916.*

1. BASTARDY—*judgment in a bastardy proceeding is not a lien upon property.* An order of court requiring the statutory payments to be made by the defendant in a bastardy proceeding has none of the characteristics of an ordinary judgment in a civil action and is not a lien upon the property of the defendant, even though a bastardy proceeding is a civil proceeding.

2. SAME—*amount which defendant in bastardy proceeding must pay is not a debt.* The amount which the defendant in a bastardy proceeding is ordered by the county court to pay for the support of the child does not constitute a debt.

3. SAME—*bondsmen in bastardy proceeding not liable in ordinary action at law.* Since the liability on the bond of the defendant in a bastardy proceeding is not a debt, the bond is not such an instrument as constitutes a common law undertaking upon which the obligors would be liable in an ordinary action at law for a breach of the bond, but the only remedy, in case of default, is the special one provided for in the Bastardy act.

4. SAME—*bondsmen in a bastardy proceeding are released by death of the principal.* The obligation assumed by the sureties on the bond of the defendant in a bastardy proceeding is to guarantee that the principal will, if living, pay the installments as they come due unless he shall marry the mother of the child, and, since the statute has not otherwise provided, the death of the principal releases the sureties from further obligation on the bond.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the county court of Brown county; the Hon. W. Y. BAKER, Judge, presiding.

R. E. VANDEVENTER, and J. F. REGAN, for appellants.

O. T. BRIGGS, for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the January term, 1914, of the county court of Brown county, Albert Tice was by the verdict of a jury found to be the father of a certain bastard child, and was

by the judgment of the court condemned to pay to the clerk of said court, for the support, maintenance and education of said child, the sum of $100 for the first year after the birth of the child, which occurred on September 19, 1913, and $50 per year thereafter for nine years, the payments to be in equal quarterly installments, and to be made on the 19th day of December, March, June and September of each year. The court also by its judgment required Tice to give bond in the penal sum of $800, with security to be approved by the judge of said court, conditioned for the due and faithful payment of said yearly sums, in equal quarterly installments, at the time specified, to the clerk of said court. Albert Tice gave the bond required by the court, with Jasper Tice and John Craven as sureties thereon, and paid the quarterly installments up to and including June 19, 1914. Thereafter, on July 18, 1914, Albert Tice died. On November 27, 1914, the mother of the child filed her petition in the county court of Brown county alleging the facts above recited; alleging that the fourth installment, which became due September 19, 1914, had not been paid, and praying that Jasper Tice and John Craven, the sureties on said bond, be cited to appear in court on the first day of December, 1914, to show cause why execution should not be issued against them for the amount of the said fourth installment. In response to the citation which was issued upon the petition Jasper Tice and John Craven appeared in court and answered the petition, admitting the averments thereof but alleging that by reason of the death of Albert Tice he was rendered incapable of further complying with or performing the terms of said judgment and bond, and that they, as sureties, were by the statutes and laws of this State relieved and discharged from making any further payments on said bond and are not liable so to do. Upon these pleadings the court rendered judgment against Jasper Tice and John Craven for $25 in favor of the People of the State of Illinois for the use of the mother of the child, from which judg-

ment Tice and Craven appealed to the Appellate Court for the Third District. The Appellate Court affirmed the judgment of the county court but granted a certificate of importance, and Tice and Craven have prosecuted a further appeal to this court.

The Bastardy act provides that in a prosecution thereunder, in case the issue be found against the defendant, he shall be condemned by the order and judgment of the court to pay a sum of money not exceeding $100 for the first year after the birth of the child and a sum not exceeding $50 per year for the nine succeeding years for the support, maintenance and education of such child. This order or judgment has none of the characteristics of the ordinary judgment in a civil action and does not constitute a lien upon the property of defendant. On the contrary, the statute provides that the defendant shall be required to give a bond, with sufficient security, for the payment of such sums of money in quarter-yearly installments, which bond shall be payable to the People of the State of Illinois, and in case the defendant shall refuse or neglect to give such security he shall be committed to jail, there to remain until he has complied with the order or shall be discharged by due course of law. After six months have elapsed he may be discharged for insolvency or inability to give the bond.

While it has been uniformly held that a prosecution under the Bastardy act is a civil and not a criminal proceeding, the object being, not the imposition of a penalty for the commission of an immoral act but merely to compel the defendant to contribute to the support of his illegitimate child, it has also been held that the relation of debtor and creditor cannot exist between the reputed father of a bastard child and the people, who prosecute to compel him to support his illegitimate child, and therefore the amount which the defendant in a bastardy proceeding has been condemned by order of the court to pay for the support of the child does not constitute a debt. (*Rich* v. *People,* 66 Ill.

513.)  In the case just cited, Rich was found guilty of being the father of a bastard child and was committed to jail in default of a bond to secure the payment of the sums of money which he was condemned to pay by order of the court.  The judgment of the circuit court was reviewed on writ of error, and the claim was made that the law authorizing imprisonment in bastardy cases was unconstitutional, as it provided for an imprisonment for debt.  In passing upon this question we said: "While this prosecution may be so far a civil proceeding as to dispense with the strict proof required in criminal cases, yet the money which the reputed father is condemned to pay for the support, maintenance and education of the child is in no sense a debt.  The prosecution is a matter of public concern.  It is carried on in the name of the people.  The bond is made payable to the people.  The reputed father, upon the non-payment of any installment of the money when due, may be proceeded against as for a contempt of court and committed to jail.  The chief object of the prosecution is the protection of the public from liability for the support of the child.  If the child should die after judgment and execution of the bond and the fact should be suggested upon the record of the court, the bond would thenceforth be void.  These peculiarities do not pertain to ordinary debts.  Judgments for debts arising out of contracts, express or implied, cannot thus be enforced and thus discharged."

The liability on the bond constituting in no sense a debt, it follows that the bond is not such an instrument as constitutes a common law undertaking upon which the obligors would be liable in an ordinary action at law upon a breach thereof.  The only remedy in case of default is the special statutory remedy provided in the Bastardy act.  By that act it is provided that when default shall be made in the payment of any installment mentioned in the bond, the judge of the court wherein the bond is filed shall, upon the request of the proper person, issue a citation to "the princi-

pal and sureties in said bond," requiring them to appear and show cause why execution should not issue against them for the amount due and unpaid, and if the amount due shall not be paid before the time stated for showing cause, judgment shall be rendered in favor of the people and against the principal and sureties who have been served, for the amount due and unpaid on the bond and the costs of the proceeding, and that execution shall issue against the goods and chattels of the persons against whom the judgment shall be rendered, for the amount of such judgment and costs. The judge is also given the power, in case of default, to adjudge the reputed father guilty of contempt and to order him to be committed to jail until the amount in default shall be fully paid, together with the costs of the commitment, which commitment shall not operate to stay or defeat the obtaining of judgment or collection by execution against the principal and sureties on the bond. The statute, by providing that the court shall issue the citation to the "principal and sureties" in the bond, thus presupposes that the principal is not deceased and that the default has been willful upon his part. The petition of the mother in this case set up the death of Albert Tice and disclosed that the default was occasioned by reason of his decease. It was therefore impossible for the court to observe the provisions of the statute and issue a citation against the principal in the bond.

As the obligation of this bond did not constitute a debt, the payment of which was guaranteed, in any event, by the sureties in the bond, the sureties cannot be held liable for the payment of any installments becoming due after the death of the principal unless the statute specifically provides that they shall be so liable. As the statute does not so provide, the death of the principal absolves the sureties from all further liability on the bond. The obligation assumed by the surety in such a bond is to guarantee that the principal, if living, will pay the installments as they become

due, unless he shall marry the mother of the child or the child shall die.

The judgments of the Appellate and county courts are reversed and the cause is remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*