**The People of the State of Illinois, for use of Marjorie Ikemire, Appellee, v. Cecil B. Vaughn et al., Appellants.**

1. DEBT, ACTION OF—*when plea of nil debet bad.* In an action of debt on an appeal bond in which the declaration contains no common counts, a plea of *nil debet* is inapplicable and is bad on demurrer.

2. DEBT, ACTION OF—*when plea of general performance bad.* In an action of debt on an appeal bond a plea of general performance is bad on demurrer.

3. BASTARDS—*nature and object of bastardy proceedings.* A bastardy proceeding, though criminal in form, is a civil action and is not for the purpose of imposing a penalty upon the putative father for an immoral act but merely to compel him to contribute to the support of his illegitimate child.

4. BASTARDS—*voluntary surrender of defendant for jail commitment as performance of appeal bond.* Voluntary surrender and commitment to jail of the defendant in a bastardy proceeding did not constitute compliance with the conditions of an appeal bond that appellant should "pay the judgment, costs, interest and damages or otherwise comply with the order of this court as herein set forth."

Appeal by defendants from the County Court of Crawford county; the Hon. J. C. Kern, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

Bradbury, Gaines & Bradbury, for appellants.

C. E. Jones and Newlin & Newlin, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This is an action of debt brought for the use of Marjorie Ikemire, appellee, against Cecil B. Vaughn, John F. Vaughn, Otto Vaughn and William H. Vaughn, appellants. The facts are as follows: On October 10, 1923, appellant Cecil B. Vaughn was in the county court of Crawford county adjudged to be the father of the illegitimate child of appellee and ordered to pay to the clerk of that court, for the use of appellee for the support of said child, the sum of $200 on or before the 6th day of June, 1924, and $25 in quarterly instalments each three months thereafter, for the next succeeding nine years. The court further ordered that appellant should execute a bond in the sum of $1,500 with good and sufficient security to secure the payment of said quarterly instalments, and in case said appellant should refuse and neglect to give such security, that he be committed to the county jail there to remain until he should so give said bond. From that judgment an appeal was prayed and granted to the Appellate Court, upon the execution of an appeal bond in the sum of $2,000, conditioned for the prosecution of said appeal by said defendant and for the payment of said judgment, costs, interest and damages or otherwise comply with said order of the said court appealed from, in case said order should be affirmed or dismissed in said Appellate Court. Said defendant, on appeal here, executed the appeal bond in compliance with such order of the court with the other appellants herein as his sureties

and the appeal to this court was perfected. This court on appeal affirmed the judgment of the trial court. [234 Ill. App. 655.] After such affirmance by this court the appellant, Cecil Vaughn, failed to pay the sums adjudged against him, and also failed to give the $1,500 bond to secure their payment, but appeared in court and surrendered himself for commitment, and was committed to the county jail of Crawford county. This action in debt was then brought upon the appeal bond for the amounts then due under the judgment of the county court.

Appellants filed four pleas. The first plea was a general denial of liability on the bond amounting to a plea of *nil debet* to which demurrer by appellee was sustained. Plea No. 2 was an allegation of the general performance of the conditions of such bond and a demurrer was also sustained to this plea. Plea No. 3 was in effect one of *non est factum*, but was not sworn to. On this plea issue was joined. Plea No. 4 after setting out in substance the judgment rendered on the trial of the bastardy case, the appeal therefrom to this court, the condition of the appeal bond and the affirmance by this court, concludes with the allegation that the appellant, Cecil Vaughn "did on the 9th day of August, 1924, well and truly keep and perform the obligations specified on his part to be kept and performed, by being committed to the county jail according to the provisions of said order of the county court and of the statute in such case made and provided, whereby the appeal bond became and remained null and void and of no effect." A demurrer was also sustained to this plea by the court. A jury was waived and appellee introduced evidence upon the issues joined under plea three. No evidence was offered by appellants and the court entered judgment in favor of appellee in the sum of $2,000 debt and $288.18 damages and ordered that the judgment for debt stand as security for the payment of the other

instalments as they became due. This appeal has been perfected from that judgment. The bond upon which this action was brought was as follows:

"Know all men by these presents, that we, Cecil Vaughn, John Vaughn, Otto Vaughn and W. H. Vaughn of the town of Licking in the county of Crawford and State of Illinois, are held and firmly bound unto the People of the State of Illinois, for the use of Marjorie Ikemire in the penal sum of $2,000 for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly, severally and firmly by these presents.

"Signed with our hands and sealed with our seals, this 10th day of October, 1923.

"The condition of the above obligation is such that, whereas, the above bounden, Cecil Vaughn, was on the 10th day of October, 1923, convicted and adjudged to be the father of the bastard child of Marjorie Ikemire by the county court of Crawford county, Illinois, at its October term, 1923, and condemned by said court to pay to the clerk of said court for the use of the said Marjorie Ikemire, for the support of her said child, the sum of $200 on or before the 6th day of June, 1924, and $25 each three months thereafter for the next succeeding nine years after the said first year, and the costs of suit and the said Cecil Vaughn was then by said court ordered to give bond in the sum of $1,500 conditioned for the payment of said sum with security to be approved by said court, from which said judgment and order of said court the said Cecil Vaughn has prayed for and obtained an appeal to the Appellate Court, Fourth District of Illinois.

"Now, therefore, if the above bounden, Cecil Vaughn, shall prosecute his said appeal in said Appellate Court and shall pay the judgment, costs, interest and damages or otherwise comply with the order of this court as herein set forth, in case said judgment or order so appealed from shall be affirmed or dismissed in said Appellate Court, then the above obligation to be null and void, otherwise to remain in full force and effect.

CECIL B. VAUGHN (Seal)     OTTO VAUGHN (Seal)
JOHN F. VAUGHN (Seal)     W. H. VAUGHN (Seal)"

The grounds relied upon by appellants for reversal of this judgment are that the court erred in sustaining demurrers to the first, second and fourth pleas and in rendering judgment in favor of appellee. The declaration in this case contained only one count, and plea No. 1 was in effect a plea of *nil debet*. Our Supreme Court in *Mix v. People*, 92 Ill. 549, held that a plea of *nil debet* to an action of debt on a bond when there are no common counts in the declaration is inapplicable and bad on demurrer. Plea No. 2 was a plea of the general performance of the conditions on the appeal bond sued on. In *Mix v. People*, 86 Ill. 329, it was held that in an action of debt on a bond, a plea of general performance is clearly bad, and in *Mix v. People, supra,* the court also held that such a plea was demurrable. Under these authorities it was clearly not error for the trial court to sustain demurrers to pleas one and two. It is, however, contended by appellants that by surrendering himself for commitment and being committed to the jail the appellant, Cecil B. Vaughn, complied with that condition of the appeal bond which provided, "If the above bounden, Cecil Vaughn, shall prosecute his said appeal in said Appellate Court and shall pay the judgment, costs, interest and damages or otherwise comply with the order of this court as herein set forth," for the reason that while he did not pay the judgment as required by the bond he did "otherwise comply" with the order of said court. On the other hand, it is contended by appellee that the provision in the judgment for commitment to jail in default of payment, or execution of the bond securing the payment of the sums specified, is not expressly contained in the appeal bond and that reference cannot be had to the judgment so as to read the same into the appeal bond, and that appellant not having complied with the express conditions of the appeal bond requiring payment of the judgment, costs and interest in the event the judg-

ment appealed from should be affirmed, his voluntary commitment to jail would not and did not comply with such express provisions of the appeal bond.

It is undoubtedly the rule, as contended for by appellants, that the measure of the liability of the sureties on a bond is fixed by the terms of the bond they sign and cannot be enlarged or varied by judicial construction, and that the bond must be strictly construed and liability thereon is never extended beyond the terms of the agreement or, at least, the manifest import thereof. We are of the opinion, however, that the liability of appellants would have to be extended beyond the terms of this bond and most certainly beyond the manifest import thereof, in order to hold that Cecil Vaughn's commitment to jail was a compliance with the express conditions of the bond. It is well settled by the decisions of this State that a prosecution under the Bastardy Act, though criminal in form, is a civil action, and is not for the purpose of imposing a penalty upon the putative father for an immoral act, but merely to compel him to contribute to the support of his illegitimate child. (*Rawlings v. People*, 102 Ill. 475.) It is clearly the import of this bond that it was not executed to secure the presence of Cecil Vaughn in court nor his commitment to jail, but, in case the judgment was affirmed, to secure, by bond, the payment of the sums required to be paid in the support of his illegitimate child. In fact such are the only express recitals in the bond. The principal and sureties are alike estopped when sued upon an appeal bond to set up defenses which contradict the recitals of the bond. (*McCarthy v. Alphons Custodis Chimney Const. Co.*, 219 Ill. 616.) To hold that there were conditions in the judgment entered, namely, the commitment of the defendant therein to jail, which are not recited in the bond sued on, but compliance with which would be a compliance with the judgment, would be to permit appellants to

rely upon a condition or defense not contained in the bond and which therefore would, in substance, contradict the recitals of the bond. Had no appeal been taken from the original judgment, and had the defendant therein executed the bond, securing the payments of the instalments adjudged to be paid, and defaulted in such payments, his commitment to jail would not have operated to stay or defeat the obtaining of a judgment against him and the sureties on his bond. (*People v. Tice,* 272 Ill. 516.)

We are of the opinion that Cecil B. Vaughn has not complied with the terms of the appeal bond in question by suffering himself to be committed to the jail of Crawford county, under the order of the county court, and that the trial court in this case therefore properly sustained the demurrer to plea four. While the form of the judgment in this case is somewhat intricate, no objection is made to it by appellants and as it seems to us appropriate, it will not be disturbed.

*Judgment affirmed.*