**JEWEL TEA CO., Inc., v. CITY OF TROY, ILL., et al.**

No. 5480.

Circuit Court of Appeals, Seventh Circuit.

Dec. 11, 1935.

A. D. Stevens, of Springfield, Ill., and Richard D. Sturtevant, of Barrington, Ill., for appellant.

William G. Burroughs, Jesse L. Simpson, and James L. Reed, all of Edwardsville, Ill., for appellees.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant sought to restrain the enforcement against it, and its business agents, of Ordinance 236 of the city of Troy, Ill. Appellant is engaged in merchandising coffees, teas, spices, extracts, and the like. Its agents solicit orders for such products from house to house, and the orders are forwarded to appellant's place of business in St. Louis, Mo., where they are filled. Those for Troy and vicinity are then sent to Collinsville, Ill., where they are placed on delivery trucks and thus delivered by appellant's agents to its various customers in and about Troy who had placed the orders.

September 8, 1931, the city of Troy passed "An Ordinance Regulating the Vehicles Carrying Foodstuffs" [1] fixing a license fee of $25, which on April 4, 1932, was by an amendatory ordinance reduced to $15. Shortly thereafter, one of appellant's agents was driving in the streets of Troy a truck of appellant containing foodstuffs for delivery to various persons residing in Troy, pursuant to orders therefor which appellant had previously solicited as aforesaid; whereupon the marshal of Troy delivered to the driver of the truck a copy of the aforesaid ordinance as amended, warning him that a license for the vehicle would have to be secured. Somewhat later, the truck and driver were again found making such deliveries upon the streets of the city, and the driver was arrested; whereupon appellant's bill for an injunction against enforcing the ordinance against it and from arresting its drivers delivering goods as aforesaid was filed. Upon the final hearing of the cause, the injunction was denied, and the bill was dismissed for want of equity.

Appellant's main contention is that the ordinance in question, as applied to appellant and its business in Troy, is a revenue raising device, constituting a burden upon interstate commerce, and is not enforceable against appellant. The interstate character of appellant's business is not controverted; nor is it disputed that if the ordinance imposed a fee or tax for revenue purposes it would not be enforceable against appellant. Interstate commerce may not be subjected to the burden of local taxation. Minnesota v. Blasius, 290 U.S. 1, 54 S.Ct. 34, 78 L.Ed. 131. But it is clear that if the fee is designed for

---

[1] "Section 1. (License Required.) It shall be unlawful to use or permit the use of any vehicle * * * for the storage or carrying of any meats, poultry, fish, butter, cheese, lard, vegetables, bread or bakery products, or any other provisions intended for human consumption, including beverages and milk, in the city for the purpose of delivering any such foodstuffs to any place in the city for use and consumption or for resale in the city for such purposes, unless a license for such vehicle is first secured and the provisions of this ordinance are fully complied with.

"Applications for such licenses * * * shall state thereon the name and address of the owner thereof * * * and the nature of the goods carried. * * *

"The annual fee for such licenses shall be $25.00. * * * Such fees shall be paid in to the city clerk, who shall turn them over to the city treasurer forthwith.

"Section 2. (Exemption.) No license fee shall be required for any vehicle used to deliver foodstuffs from any establishment which is licensed and inspected as a food dealing establishment in the city; but all provisions of this ordinance shall be complied with in connection with such vehicles other than * * * the payment of the fee.

"Section 3. (Regulations.) All such vehicles shall be kept in a clean and sanitary condition, and shall be thoroughly cleaned each day they are so used. It shall be unlawful to permit stale food, decaying matter or other waste material to accumulate in or on any such vehicle while it is so used.

"If unwrapped foodstuffs are transported in any such vehicle, such goods shall be carried in a portion of the vehicle which is screened and protected against dust and insects.

"Section 4. (Inspections.) It shall be the duty of the Mayor to make or cause to be made such inspections as may be necessary to insure compliance with the provisions of this ordinance.

"Section 5. (Penalty.) Any person, firm or corporation violating the provisions of this ordinance shall be fined not less than five dollars nor more than one hundred dollars for each offense. * *"

368

the purpose of meeting the expense of such inspection and regulation of vehicles in the interest of the public health, it is not assailable as a burden upon interstate commerce. Standard Stock Food Co. v. Wright, 225 U.S. 540, 32 S.Ct. 784, 56 L. Ed. 1197; Atlantic & Pacific Tel. Co. v. City of Philadelphia, 190 U.S. 160, 166, 23 S.Ct. 817, 47 L.Ed. 995. We are here, therefore, concerned mainly, if not entirely, with the scope and effect of this particular ordinance, and the purpose for which the license fee is imposed.

Appellant contends that the ordinance is a revenue measure because it does not specify that the license fees should be devoted to carrying out its inspection and other regulatory provisions in the interests of public health; but that such fees are payable, when collected, to the city treasurer without designation of the manner of application or disbursement; and because the fees are manifestly larger than would be necessary to meet the expense of such inspection and regulatory functions.

■ Whether the collections under the ordinance providing for inspection were sufficient to meet the expense of the prescribed inspection and regulation, or whether they more than sufficed for that purpose, the evidence does not disclose. Surely we cannot say from the record that, as a matter of judicial knowledge, the collections exceeded the expense. In Clark v. Poor, 274 U.S. 554, at page 557, 47 S. Ct. 702, 703, 71 L.Ed. 1199, passing upon the contention that the proceeds of such fees were not all devoted to the purpose for which they were collected, the court said:

"It is said that all of the tax is not used for maintenance and repair of the highways; that some of it is used for defraying the expenses of the commission in the administration or enforcement of the Act; and some for other purposes. This, if true, is immaterial. Since the tax is assessed for a proper purpose and is not objectionable in amount, the use to which the proceeds are put is not a matter which concerns the plaintiffs."

Courts will not lightly set aside ordinances and statutes. Conditions under which they may be obnoxious to the Constitution must definitely appear before a court would be justified in disturbing them. Nebbia v. New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940, 89 A.L.R. 1469; Twohy Bros. Co. v. Kennedy (C.C.A.) 295 F. 462, 467. The record discloses nothing to indicate that the fee is unreasonable in amount to reimburse the city for its expense in carrying out the lawful purposes of the ordinance, and we do not think that, on any such ground, the decree of the District Court may be disturbed.

■ It is contended that the ordinance transgresses the Fourteenth Amendment to the Federal Constitution in denying to appellant the equal protection of the law. This contention is predicated upon the fact that the ordinance excepts from its requirement to pay a license fee those who have places of business licensed and inspected as food dealing establishments within the city; and who under another ordinance are required to pay a license of five dollars per annum, such ordinance also making provision for inspection and regulation. We are satisfied that vehicle owners delivering foodstuffs in the city and having no habitat therein are, for the purposes of such ordinances, in a class separate and apart from those who have therein permanent places of business. The fact alone that agents of concerns such as appellant, who in delivering the goods drive about the city, and whose vehicles may be inspected only when and as the city officials can find them, makes the work of their proper·inspection more burdensome and costly than where the vehicles are connected with an established business within the city and reachable at almost any time. We think that this alone furnishes reasonable basis for classification, and supports the higher fee for vehicles such as those of appellant. State Board of Tax Com'rs v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464; Middleton v. Texas Power & Light Co., 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527.

■■ Respecting the contention of invalidity because the ordinance provides for a fine for its violation, and the statutes provide for imprisonment if fines are unpaid (Smith-Hurd Ill.Rev.Stats. 1935, c. 38, § 762), and that such imprisonment would be in derogation of article 2, § 12, of the Illinois Constitution against imprisonment for debt, it may be said that if this contention is well-grounded it may not be presumed in advance that the city will do an unconstitutional act. If and when a fine is imposed upon the person against whom the proceeding for violation of the ordinance was commenced, and such fine remains unpaid, and it is undertaken to imprison the

person on account thereof, it will be sufficient time to raise the question of whether one from whom the fine cannot be collected may be imprisoned for its nonpayment. But if it be considered that appellant may in this action invoke, as against the validity of the ordinance, the Illinois constitutional exemption from imprisonment, we point to City of Chicago v. Morell, 247 Ill. 383, 93 N.E. 295, 139 Am. St.Rep. 340, and Kennedy v. People, 122 Ill. 649, 13 N.E. 213, as indicating that such a fine is not a debt within the purview of article 2, § 12, and that imprisonment for the nonpayment of a fine imposed for violation of a municipal ordinance of this sort does not contravene constitutional provisions. City of Chicago v. Williams, 254 Ill. 360, 98 N.E. 666.

The decree of the District Court is affirmed.