City of Chicago, a Municipal Corporation, Respondent-Appellant, v. Rufus Thomas, Petitioner-Appellee.

Gen. No. 51,599.

First District, Third Division.

November 7, 1968.

144

Raymond F. Simon, Corporation Counsel, of Chicago (Marvin E. Aspen, Sydney R. Drebin and Howard C. Goldman, Assistant Corporation Counsel, of counsel), for appellant.

Raymond J. Miller, of Chicago (Allan L. Blair and Raymond J. Miller, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the Circuit Court, County Division, granting the petitioner's petition pursuant to the Insolvent Debtors Act (Ill Rev Stats, chapter 72) which secured his release from the custody of the Superintendent of the House of Correction. The petitioner had been taken into custody pursuant to an order from the Housing Court Division of the Circuit Court for nonpayment of a $2,000 fine for violations of the Building Code of the City of Chicago, relating to the care, maintenance, and repair of a building containing housing units.

On May 9, 1966, the Housing Court entered an order committing the defendant to the House of Correction to work out the fine at a rate of $5 per day, provided that such imprisonment did not exceed six months. On that date, Mr. Thomas filed his petition in the County Division of the Circuit Court and prayed that the warrant of arrest be quashed and that he be released from custody under the provisions of the Insolvent Debtors Act. The respondent, the City of Chicago, filed a verified answer to the petition and contended that the relief provisions of chapter 72 were not applicable to the assessment of fines for violations of municipal ordinances.

The trial judge admitted that he had looked at the file of the prior proceedings in the Housing Court and admitted that he had seen the word "Fine" written in the record. However, the trial judge said "I would just as soon not make the file part of the record." The trial court then entered the order securing the petitioner's release.

It is from this order of release that the respondent prosecutes the instant appeal. The respondent contends that the trial court erred in applying the relief provisions of the Insolvent Debtors Act to the facts at bar. The relevant and operative section of the Insolvent Debtors Act is section 2 of chapter 72 which reads:

> "When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this act."

The City argues that the petitioner does not come within the purview of this statute because the imposition of a fine does not create a debtor-creditor relationship and because an action for a violation of a municipal ordinance is a "quasi-criminal" action and is therefore not "a civil action when malice is not the gist of the action" within the intendment of chapter 72, section 2.

There was some dispute as to whether the City was appealing from both the Housing Court order and from the County Division order. This court is now satisfied that the City is appealing from only the order in the County Division quashing the commitment order. It should be noted that the heading of the instant appeal as it appears in the briefs, abstracts, and motions filed in this

court does not properly reflect the position of the parties. It should properly be headed "Rufus Thomas, Petitioner-Appellee v. City of Chicago, Respondent-Appellant" since such was the status of the parties in the cause from which this appeal arises.

The City has now filed a motion to supplement the record on appeal with the record of the Housing Court proceeding. The petitioner has also filed a motion to strike the requested supplementary portion of the record. We have taken both motions with this appeal and have decided to grant the respondent's motion and to deny the petitioner's motion. It should be emphasized that in so doing we are not consolidating these two cases on appeal, but rather are placing before this court all of the relevant portions of the record in this matter. The record of the Housing Court was alluded to and read by the trial judge in the County Division and a study of that record prompted him to conclude that the Insolvent Debtors Act was applicable in the case at bar. The correctness of this decision is the crucial issue before this court, and we see no reason why this court should be deprived of the benefit of having the same record before us now to insure a proper adjudication of the issue before us.

However, even if the supplemental record was not before us, the issue of the applicability of the Insolvent Debtors Act would be properly before this court. The petitioner advances the argument that since record of the former proceeding was never formally admitted into the record, this court cannot ascertain whether the Housing Court order imposed a fine or simply a civil money judgment where malice was not the gist of the action. Therefore, the petitioner concludes, there is no basis for finding that the County Division order was erroneous. This contention is not supportable for several reasons. Firstly, the petitioner himself admitted in the language of his petition that he was unable to pay the "fine" of $2,000. Secondly, the respondent, in its verified answer, made it

clear that a fine had been imposed for violations of the City's Building Code. Thirdly, the trial judge looked at the file of the former case and had to be well aware of the nature of that proceeding. In fact, the trial judge revealed a clear understanding of the dispositive issue before him when he stated:

> "The problem I see is whether the order of the Housing Court is actually a judgment order, or an order of a fine. I think this is the only issue. . . . The matter before this court is shall a man be placed in jail as a result of a fine, or, is it a judgment for which he cannot be jailed unless malice is the gist of the action?"

The trial judge then concluded that the Housing Court entered a civil money judgment and therefore the petitioner was entitled to the relief of the Insolvent Debtors Act. The correctness of this decision is the issue before this court.

■■ We fail to comprehend how the $2,000 assessment can be deemed to be anything other than a fine. It is not disputed that the petitioner was charged with violations of the Building Code, and it is a purely fruitless exercise in semantics to argue that a fine was not imposed by the Housing Court. The trial court apparently concluded that if a fine had been imposed, it exceeded its statutory limits and therefore must be construed as a civil money judgment rather than as a fine. The petitioner was charged with twenty-two separate violations of the Municipal Code. Section 1–2–1 of the Cities and Villages Act (Ill Rev Stats, c 24, § 1–2–1) provides that, except for civil penalties provided for failure to make returns or to pay taxes levied by the municipality, a fine or penalty for a violation of a municipal ordinance shall not exceed $500 for each offense. The order from which petitioner sought relief found him guilty ". . . of a violation of the ordinance described in the complaint."

148

However, even if this court were to assume that the fine was excessive, the fine is not converted into a civil money judgment within the intendment of chapter 72, section 2. If the fine imposed by the Housing Court was in fact excessive, the proper means for its correction was an appeal from that order.

■ It has been consistently held that the imposition of a fine or penalty for the violation of municipal ordinances or of other penal laws of the state does not create the relationship of debtor and creditor so as to violate the Illinois Constitution's prohibition against imprisonment for debt. City of Chicago v. Kenney, 35 Ill App 57; Kennedy v. People, 122 Ill 649, 13 NE 213; City of Chicago v. Morell, 247 Ill 383, 93 NE 295.

■ This court similarly concludes that the meaning of "indebtedness" and "debtor" in chapter 72, section 2 does not embrace a monetary obligation incurred in the form of a fine or penalty for a violation of a municipal ordinance. To construe the language of the statute otherwise would frustrate and often negate the legislative purpose embodied in chapter 75, section 52 which reads:

> "Whenever a person is found guilty of a violation of an ordinance, resolution, rule or regulation of a political entity and the judgment of a fine is imposed, the court may further order, in the judgment imposing the fine, that upon non-payment of such fine the person shall be imprisoned until the fine is paid or satisfied at the rate of $5 per day. However, no person shall be imprisoned for a longer period than six months for any one offense."

In City of Chicago v. Kenney, supra, the court stated that such fines did not create a debtor-creditor relationship and went on to say at page 66: "The committal of the defendant until the fine is paid is necessary in such cases, and the power to do so indispensable to the safety of society, the preservation of good order and the enforce-

149

ment of the ordinances." To hold that chapter 72 is applicable to this petitioner is to make it possible for future violators of any or all municipal ordinances to escape punishment in the form of a fine or incarceration if they happen to be insolvent.

■ There can be no dispute that fines such as the fine imposed in the instant case have a punitive purpose, and thus it would appear that the petitioner's construction of chapter 72, section 2 would lead to the anomalous result that malicious tortfeasors could not avail themselves of the statute's protection while violators of municipal ordinances could find sanctuary within this section of the Insolvent Debtors Act. Therefore, we are forced to conclude that the instant action did not create an indebtedness within the meaning of chapter 72, section 2.

■ The Insolvent Debtors Act is also not operative in the case at bar since the instant case does not fall within the description in section 2—". . . a civil action when malice is not the gist of the action." An analysis of the Illinois authorities which have dealt with the problem of classifying such proceedings reveals the conceptual difficulty encountered in attempting to so classify these cases. (See: Village of Park Forest v. Bragg, 38 Ill2d 225, 230 NE2d 868.) There appears to be no Illinois case which has construed these actions within the specific context of the Insolvent Debtors Act. However, a review of the Illinois cases reveals that actions to recover penalties for violations of city ordinances are civil in form and governed by the Civil Practice Act, although they are quasi-criminal in character. Village of Maywood v. Houston, 10 Ill2d 117, 139 NE2d 233; 10 ILP, Cities and Villages, etc., § 1193. In Flynn v. City of Springfield, 120 Ill App 266, 269, the court discussed the nature of such an action:

> "It is not a mere civil suit. While it is civil in form it is such only in form. It partakes largely of the

criminal nature. The ordinances were not passed with the view of creating the relation of debtor and creditor."

In view of the hybrid nature of ordinance violation suits, this court is of the opinion that the criminal nature inherent in such actions excludes such actions from falling within the purview of section 2 of the Insolvent Debtors Act.

Therefore, we conclude that the Insolvent Debtors Act had no application to the facts at bar. The order entered by the County Division of the Circuit Court releasing the petitioner from custody is reversed.

Reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.