**City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Charles Franklin, Defendant-Appellant.**

**Gen. No. 53,907.**

First District, First Division.
May 25, 1970.

Gerald D. Mindell and Kenneth L. Gillis, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Gayle F. Haglund, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was convicted in a bench trial for the offense of failing to register a firearm in violation of chapter 11.1, section 7 of the Municipal Code of Chicago. The defendant was fined $500. Defendant was also convicted of a charge of unlawful use of a weapon for which he was sentenced to one year probation. He has not appealed from that conviction. Both charges were the result of his being arrested on the night of September 14, 1966. In support of this appeal, the defendant contends that his right against self-incrimination was violated, that he was denied due process of law at his trial and

that the ordinance under which he was charged is invalid since the City lacked the power to enact this legislation.

On September 25, 1968, a complaint was filed charging the defendant with violation of chapter 11.1, section 7 of the Municipal Code of Chicago which states:

"Every person after purchasing or otherwise acquiring a firearm from any person other than a licensed firearms dealer shall, within 10 days of the purchase or other acquisition, provide the City Collector with the information stipulated in Section 11.1-8 of this Chapter on a registration form designed or approved by the City Collector. If the purchase or other acquisition of the firearms precedes the effective date of this ordinance, the person shall register the possession of a firearm with the City Collector on forms designed or approved by the City Collector within 30 days after the effective date of this ordinance."

At the trial, the only testimony presented was that of the arresting officer and the defendant. Officer Sadauski testified that on the night of September 14, 1966, he and his partner were in a patrol car in the vicinity of 4400 Woodlawn in Chicago, when he observed a group of teens and defendant, the latter standing near a wall and a fence. When the officer saw one youth drop a bottle of whiskey he stopped his car and approached this group. Witness saw defendant pull a gun from his belt that was under the defendant's shirt and dropped the weapon to the ground. The officer identified defendant at the trial. Further, the witness stated the gun was dropped by defendant on the opposite side of a three-foot high chain link fence. Sadauski said that the defendant denied it was his gun. Subsequent search and investigation revealed that the gun was not registered. The gun and ammunition were introduced in evidence.

Defense counsel then moved to dismiss the registration complaint for failure to prove the elements of the offense as set forth in the ordinance. Defense counsel argued that no proof was made that the defendant had possessed the gun for more than ten days before his arrest. The City's attorney argued that such an element is a matter of affirmative defense for the failure to register a charge once a prima facie case has been established. The trial judge denied the motion with the following language: "I think it would be impossible for the State to know how long he had the gun. That would be a matter which is only within the knowledge of the defendant, which is in the nature of an affirmative defense." Subsequent discussion between court and defense counsel shows that the trial judge ruled that once possession of a firearm was proved, then a presumption of ownership arose which placed the burden of going forward with the evidence upon the defendant to establish that he came within the ten-day exception.

Defendant then testified as to the night in question. He said a police officer told him to go over the fence to retrieve a whiskey bottle thrown by one of his friends. After doing this, the police arrested him when they discovered a gun on the ground. Defendant denied possession of the weapon and stated he did not know to whom the gun belonged. The court found defendant guilty and this appeal followed.

The first contention of defendant is that the ordinance involved, both on its face and as applied by the trial court, violated his right against self-incrimination as guaranteed by the Federal and Illinois Constitutions. Defendant argues that by registering a firearm in compliance with the ordinance, the defendant is placed in a constitutional dilemma since the person who registers can be charged with possession of a weapon concealed

on or about the person. Ill Rev Stats, c 38, § 24–1(a) (4) (1969) ; Municipal Code of Chicago, c 11.2, § 1.

■ As to all of the issues argued by the defendant, the City interposes the contention that the defendant is precluded from arguing the issues on appeal since they were not properly raised or preserved in the trial court. Zion Industries, Inc. v. Industrial Commission, 33 Ill2d 314, 211 NE2d 246 (1965). We are of the opinion that the City's position is correct with regard to the defendant's argument of self-incrimination. Defendant's testimony denied both the possession and ownership of the weapon in question.

■■ Despite this state of the record, defendant argues that the trial judge's ruling that defendant had the burden of going forward with the evidence regarding the ten-day exclusion of the registration ordinance would have forced defendant to incriminate himself on the unlawful use of a weapon charge. Defendant cites the case of Marchetti v. United States, 390 US 39 (1968), and the companion cases of Grosso v. United States, 390 US 62 and Haynes v. United States, 390 US 85. This argument suffers from two fatal defects. First, the evidence showed no registration of this weapon in defendant's name and the defendant denied ownership of the gun. Secondly, if the defendant had admitted ownership regarding the registration of the weapon, this would have had no incriminating effect as to unlawful use of a weapon charge. The gist of the latter crime is the concealing of a weapon in any vehicle or on or about the person, except in one's residence or place of business. Ill Rev Stats, c 38, § 24–1(a) (4). Thus, the admission of the failure to register his acquisition of the gun or proof that defendant had purchased or otherwise acquired this weapon within 10 days of his arrest to avoid the registration requirement had no logical connection to the pos-

47

session of the weapon on the night of his arrest. Therefore, if defendant had testified as to the failure to register, that evidence would not have been a "significant 'link in the chain' of evidence tending to establish his guilt." Marchetti, p 48.

The second issue urged by defendant is that the trial judge committed reversible error by denying him due process of law. We find from the record that this question has been properly raised and preserved from the trial court proceedings. Defendant argues that when the trial judge ruled that the defendant should produce evidence as to purchase or acquisition within ten days of his arrest for failure to register, this was an irrational presumption which denied him due process of law. More specifically, the trial judge ruled that once possession of the weapon was proved then a presumption of ownership arose which required defendant to come forward with some evidence to establish that he came within the ten-day exception. Defendant argues this ruling violates the principles of Leary v. United States, 395 US 6 (1969) and Tot v. United States, 319 US 463 (1943).

The City argues there is no presumption involved in this case but rather that this appeal involves a situation where the burden of going forward with the evidence should be shifted to the defendant. The City points out that section 7 of the ordinance "allows one who acquires a firearm from someone other than a licensed firearms dealer a ten-day grace period in which to comply with the registration requirement." It is asserted that this knowledge concerning the date of acquisition could be easily proven by defendant and would be difficult to establish by the City. Morrison v. California, 291 US 82 (1934).

The precedents relied upon by defendant regarding this contention are cases that have dealt with statutory sub-

ject matters. In the Leary case, supra, the United States Supreme Court struck down the statutory presumption that possession of marihuana was sufficient to infer that an individual had knowledge as to the illegal importation of that drug. The Leary decision relied upon the rationale of the Tot case, supra, where another statutory presumption was held unconstitutional as a violation of due process of law. The test of Tot was that there must be a rational connection between the fact proved and the ultimate fact presumed. The Court in Tot explained that the argument that the accused has a better means of proof is one of convenience as a corollary to the rational connection rule. Further, such argument of convenience is only permissible where the evidentiary inference is likewise valid. Thus, the Tot decision stands for the proposition that if requiring the accused to come forward with information within his peculiar knowledge will not be unfair or cause unreasonable hardship, then the presumption will be valid and comport with due process of law.

█ We are of the opinion that the rationale of the Tot case is applicable to the instant case and that no violation of due process was practiced upon this defendant. Once the defendant's possession was established, we feel that the trial judge was correct in inferring that the defendant had purchased or otherwise acquired a firearm from someone other than a licensed firearm dealer. The evidence established that the gun was unregistered. Thus, the defendant should be required to introduce evidence to come within the ten-day exception, which would be evidence that would be peculiarly within the defendant's knowledge.

█ It is well established that proceedings for a violation of a City ordinance are civil in form although quasi-criminal in character. City of Chicago v. Thomas, 102 Ill App2d 143, 243 NE2d 572 (1968). The trial judge in the

instant case used a rebuttable presumption that possession inferred ownership. This operated to shift the burden of going forward with the evidence to meet the presumption, so that if any contrary evidence could be introduced, the presumption ceased to exist. McElroy v. Force, 38 Ill2d 528, 232 NE2d 708 (1967). Therefore, we are of the opinion that the trial judge did not deny the defendant due process of law by his ruling.

 Finally, defendant assails the validity of the ordinance by contending that the City of Chicago lacked power to enact this legislation. Defendant cites the case of Consumer Co. v. City of Chicago, 313 Ill 408, 145 NE 114 (1924), where it is stated on page 413:

> "To sustain an ordinance as an exercise of the police power it must tend in some degree, within the authority of the municipality, toward the prevention of offenses or the preservation of the public health, morals, safety or welfare. It must be apparent that some such end or purpose is actually intended."

The Cities and Villages Act, Ill Rev Stats, c 24, § 11–1–1 (1969), provides that the corporate authorities "may pass and enforce all necessary police ordinances." It cannot be questioned that this ordinance was enacted under this authority and it obviously satisfies the requirements of the Consumers case, supra, as a valid exercise of the police power. Further support for the validity of this ordinance is found in the case of Brown v. City of Chicago, 42 Ill2d 501, 250 NE2d 129 (1969). There is no merit in defendant's contention.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.